UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BURKINA WEAR, INC.,

                                 Plaintiff,

- against -

CAMPAGNOLO, S.R.L.,

                                Defendant.
------------------------------------X

COMPLAINT

Civ. No. 07 cv 3610 (HP) (RWS)

**PLAINTIFF DEMANDS
TRIAL BY JURY**

       Plaintiff, by its attorney, CARMEN S. GIORDANO, complaining of Defendant, respectfully allege:

### NATURE OF ACTION

       1.    This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, Title 28 U.S.C. §§ 2201 and 2202.

### JURISDICTION AND VENUE

       2.    This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §1331, 1338 and 1367(a) in that this action arises under §43(a) of the Lanham Act. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

       3.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because, upon information and belief, Defendant CAMPAGNOLO, S.R.L., purposefully markets, ships, distributes and sells goods within this District.

## THE PARTIES

4.  BURKINA WEAR, INC., ("BURKINA") is a privately held for profit corporation organized and existing under the laws of the State of New York. BURKINA'S principal place of business is located at 177 East Houston Street, New York, NY.

5.  CAMPAGNOLO, S.R.L. ("CAMPAGNOLO"), is a corporation organized and existing under the laws of the country of Italy with it's principal place of business located at Via della Chimica 4, 36100 Vicenza, Italy.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

6.  BURKINA, a small business operated and owned by Ahmed Sankara, designs and manufacturers urban Hip Hop apparel and accessories for sale primarily within New York City out of its East Houston Street, New York, NY store.

7.  BURKINA'S urban-theme street wear and designs appeal primarily to the young urban (primarily African American) crowd that is knowledgeable and interested in Hip Hop music. BURKINA merchandise is not designed, manufactured or marketed for athletes per se, sporting events in general and/or bicycling related sports and activities in particular. Examples of BURKINA'S merchandise and designs are annexed hereto as **EXHIBIT "A."**

8.  Among the various BURKINA designs and slogans utilized on its apparel and accessories is the trade name "CAMPNY," which name Plaintiff had filed for registration with the Untied States Patent and Trademark Office "P.T.O.") in or about the Fall of 2005.

9. BURKINA created the CAMPNY trade name in or about January 2004 and began utilizing it in commerce at that time.

10. CAMPAGNOLO manufactures, distributes and sells bicycle equipment and related apparel worldwide. CAMPAGNOLO'S products are not specifically designed and marketed for the urban Hip Hop crowd, but rather are designed and marketed for bicycle enthusiasts. Examples of Defendant's merchandise and designs are annexed hereto as **EXHIBIT "B."**

11. During the pendency BURKINA'S efforts to register the trade name CAMPNY with the P.T.O., defendant CAMPAGNOLO challenged such registration, claiming essentially that the CAMPNY trade name created confusion and otherwise diluted the unregistered trade name "CAMPY" used to identify CAMPAGNOLO'S bicycle apparel.

12. Prior to complying with mandated discovery at the P.T.O. and after seeking continual adjournments and delays in BURKINA'S efforts to register the trade name CAMPNY, CAMPAGNOLO'S attorneys located in Philadelphia, Pennsylvania, moved for a stay of the P.T.O. proceedings and filed a lawsuit for trademark infringement in the United States District Court for the Eastern District of Pennsylvania. See **EXHIBIT "C,"** CAMPAGNOLO'S EDPA complaint (without exhibits).

13. On May 1, 2007, the Federal Eastern District Court, per Judge Timothy J. Savage, dismissed CAMPAGNOLO'S lawsuit against BURKINA on the ground that there was no jurisdiction over BURKINA in the Eastern District of Pennsylvania, something that BURKINA

and it's counsel made clear since the beginning of that lawsuit. See **EXHIBIT "D,"** May 1, 2007 Order.

14. BURKINA'S use of the name CAMPNY does not infringe on CAMPAGNOLO'S use of the name CAMPY, particularly in the commercial and social contexts in which such names are used by the respective parties.

15. Upon information and belief, BURKINA has used the name CAMPNY in commerce and has sought to register such name prior to the time CAMPAGNOLO has used the name CAMPY in commerce or sought to register such name. See **EXHIBIT "E,"** P.T.O. documents.

16. Upon information and belief, CAMPAGNOLO and it's attorneys deliberately delayed the proceedings at the P.T.O., having no legitimate ground for failing to comply with discovery and for failing to provide information with respect to their claims as to the use and timing of the use of the name CAMPY in commerce.

17. Upon information and belief, CAMPAGNOLO and it's attorneys vexatiously filed suit against BURKINA in Pennsylvania, having no good faith basis to assert jurisdiction in Pennsylvania and continued such suit and fought it's dismissal notwithstanding the fact that it had no good faith basis to file such action or continue such suit in Pennsylvania.

18. Upon information and belief, CAMPAGNOLO and it's attorneys engaged in such conduct for the sole purpose of gaining unfair advantage over BURKINA, a far smaller out of state company.

## COUNT 1, DECLARATORY RELIEF (NON-INFRINGEMENT)

19. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

20. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, Title 28 U.S.C. §§ 2201 and 2202. An actual controversy exists between the parties.

21. BURKINA seeks a declaration that its use of the name CAMPNY did not and does not infringe on the valid rights of CAMPAGNOLO for the reason that, *inter alia*, there is no likelihood of confusion between BURKINA'S use of the name CAMPNY on its products and any products manufactured, distributed or sold of CAMPAGNOLO, and that BURKINA has been using the name CAMPNY in commerce for a longer period of time than CAMAGNOLO has been officially using the name CAMPY in commerce and for other reasons.

22. Accordingly, BURKINA seeks a further declaration that its name CAMPNY should be accepted for registration by the P.T.O. or, at minimum, should not be rejected for registration on any grounds argued by CAMPAGNOLO.

## COUNT 2, DECLARATORY RELIEF (CANCELLATION OF DEFENDANT'S APPLICATION TO REGISTER CAMPY)

22. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

23. Upon information and belief, Defendant has committed fraud on the P.T.O. in its subsequent efforts to register the name CAMPY, and, therefore, Defendant's efforts to register

CAMPY should be declared void ab initio and Defendant's efforts to register such mark should be cancelled.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

1. Declaratory Judgment that BURKINA'S use the name CAMPNY does not infringe on any valid rights of CAMPAGNOLO;

2. An Order issued to the United States Patent and Trademark Office that BURKINA be permitted to register its name CAMPNY without further objection or interruption on the part of Defendant;

3. An order issued to the United States Patent and Trademark Office cancelling the pending registration of the name CAMPY by Defendant CAMPAGNOLO;

4. An order awarding Plaintiff reasonable attorney's fees and costs; and,

5. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 6, 2007

Yours, etc.,

Law Office of Carmen S. Giordano
*Attorney for Plaintiff*

By:_____
Carmen S. Giordano (CSG-3927)
225 Broadway, 40th Floor
New York, NY 10007
(212) 406-9466