IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BURKINA WEAR, INC. | : | |
| | : | |
| | : | 07 cv 3610 (HP) (RWS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAMPAGNOLO S.R.L. | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Defendant Campagnolo S.r.l. ("Campagnolo"), by and through its attorneys, hereby moves this Honorable Court to dismiss Counts IV (declaratory relief for dismissal of pending T.T.A.B. proceedings) and Count V (declaratory relief for cancellation of Campagnolo 's U.S.P.T.O. application Serial No. 78/568,676 to register CAMPY) of the Plaintiff Burkina Wear, Inc.'s ("Burkina") Complaint filed in this matter, pursuant to Fed.R.Civ.P. 12(b)(6).

**I.    BACKGROUND**

Campagnolo is an Italian company which is the owner of various trademarks for "CAMPAGNOLO" that are registered with the United States Patent and Trademark Office on the Principal Register. Through long decades of worldwide use, Campagnolo's goods have become symbols of success and victory in the world of competitive cycling, and the "CAMPAGNOLO" Marks identify Campagnolo as a source of high quality apparel and cycling

equipment goods in the United States and throughout the world.  Campagnolo holds itself out as, and is widely known by, the trademark and trade name "CAMPY".

Burkina is selling apparel under the virtually identical trademark CAMPNY and filed a trademark application for that mark with the United States Patent and Trademark Office ("PTO").  Campagnolo filed a notice of opposition (No 91166420) against Burkina's application with the PTO's Trademark Trial and Appeal Board ("TTAB").  Subsequently, Campagnolo brought a suit for trademark infringement, unfair competition and trademark dilution arising from Burkina's use of the CAMPNY mark in the Eastern District of Pennsylvania. (Campagnolo S.R.L. vs. Burkina Wear, Inc., Civil Action No.  06-4856). Upon Campagnolo's motion the opposition at the TTAB was suspended pursuant to 37 C.F.R. § 2.117(a) pending the disposition of the Eastern District of Pennsylvania Action.[1] See Exhibit A.

The Eastern District of Pennsylvania Action was dismissed on the basis of lack of personal jurisdiction over Burkina in the Commonwealth of Pennsylvania.  Before Campagnolo could bring a new action against Burkina in this District, Burkina filed the instant declaratory judgment action.

## II.  LEGAL STANDARD

Pursuant to Fed.R.Civ.P. 12(b)(6), Campagnolo is entitled to dismissal when it clearly appears Burkina can prove no set of facts to support a claim which would entitle it to relief. AXA Corporate Solutions Ins. Co. v. Lumbermens Mutual Casualty Co., 2007 U.S. LEXIS

---

[1]     Trademark Rule of Practice Section 2.117(a), 37 C.F.R. § 2.117(a) provides: "Whenever it shall come to the attention of the Trademark Trial and Appeal Board that parties to a pending case are engaged in a civil action which may be dispositive of the case, proceedings before the Board may be suspended until determination of the civil action."

1642, 1 (2d Cir. 2007).  A motion under this rule tests the legal sufficiency of a claim while accepting the veracity of the Burkina's allegations.  See McCall v. Pataki, 232 F.3d 321,322 (2d Cir. 2000); Holloway v. King, 161 Fed. Appx. 122, 124 (2d Cir. 2005).  This Court must determine whether Burkina would be entitled to relief under any set of facts that could be established in support of the Burkina's claims, when all allegations in the complaint and all reasonable inferences drawn from them are accepted as true and viewed in the light most favorable to the Burkina.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

However, the court is not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).  As one court of appeals has explained, "[w]ere it otherwise, Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint." District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir. 1977); see also Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994) ("we are not so bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint.")

In deciding a motion to dismiss, a court may (without converting the motion to one for summary judgment) properly look beyond the complaint to documents referenced in the complaint, or essential to a plaintiff's claim, which are attached to a defendant's motion. Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993).  In deciding a Motion to Dismiss, the Court may consider factual allegations contained in the complaint, exhibits attached thereto, documents referenced therein, matters of public record, and undisputedly authentic documents attached to a defendant's motion, if the complaint is based on those documents. See Id.

**III.   LEGAL ARGUMENT.**

    **A.   This Court Has No Authority to Terminate A Pending TTAB Proceeding.**

In Count IV of its Complaint, Burkina seeks a declaratory judgment and order from this Court for dismissal of suspended Opposition No. 91166420 relating Burkina's pending trademark application for CAMPNY.  Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relation of any interested party seeking such declaration...".  28 U.S.C. § 2201.  However, "[e]ven when justiciability is present the court is not required to proceed with the declaratory judgment action, for it is well settled that a trial court's decision to exercise declaratory jurisdiction is a discretionary one." Muller v. Olin Mathieson Chemical Corp., 404 F.2d 501, 505 (2d Cir. 1968).

Generally, a declaratory judgment procedure should not be used to disrupt registration proceedings pending such as in the PTO.  Goya Foods, Inc. v. Tropicana Products, Inc., 846 F.2d 848 (2d Cir. 1988); See 6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32:53 (4th ed. 2007).  Burkina has provided no statutory or legal basis authorizing this Court to act in such a contrary manner.

As noted previously, the TTAB proceedings currently stand suspended pending the outcome of this suit.  See Exhibit A.  That suspension is in line with TTAB policy which normally holds that "judicial economy lies in the suspension of Board proceedings because, *inter alia*, the Board has limited jurisdiction involving the issue of registerability only; the Board decision is advisory to the Court, while a U.S. District Court decision is binding on the parties before the Board and the Board decision is appealable to the U.S. District Court." Black Box

Corp. v. Better Box Communications Ltd., 2002 TTAB LEXIS 253, *4 (TTAB 2002); see also 37 C.F.R. § 2.117(a).

The sole question in a TTAB proceeding is whether a party is entitled to retain or obtain a federal trademark registration. 3-11 Gilson on Trademarks § 11.03. This determination may involve issues such as likelihood of confusion which are present in this action, but also can include issues such as whether Burkina committed fraud on the PTO when it filed its application which claimed use on all of the goods in its application. See Medinol Ltd. v. Neuro Vasx, Inc., 2003 TTAB LEXIS 227 (T.T.A.B. 2003) ("A trademark applicant commits fraud in procuring a registration when it makes material representations of fact in its declaration which it knows or should know to be false or misleading."). These other issues regarding the registerability of Burkina's trademarks should not be at issue is this litigation as they have nothing do with whether or not Burkina's CAMPNY mark infringes Campagnolo's CAMPY mark. Issues such as fraud during the prosecution of a still pending application and are more properly before the TTAB as they are within the PTO's jurisdiction and area of expertise.[2]

In such cases as is instant one where the determination of the registerability of the mark involves distinct factual and legal determinations from trademark infringement such as fraud on the PTO, this Court is without the statutory authority to determine the ultimate registerability of Burkina's CAMPNY mark and grant the requested relief of terminating the TTAB opposition

---

[2] Clearly, this court is capable of determining issues such as likelihood of confusion which are common to both this and the TTAB action. Goya Foods, Inc. v. Tropicana Prods., Inc., 846 F.2d 848, 6 U.S.P.Q.2d 1950 (2d Cir. 1988) (holding that likelihood of confusion is "a legal standard with which courts have long-standing familiarity"). Likewise, the TTAB would be bound by district court determination based on principles of collateral estoppel or issue preclusion. Jet, Inc. v. Sewage Aeration Sys., 223 F 3d 1360, 1364 (Fed. Cir. 2000). However, the TTAB would not be bound *res judicata* or claim preclusion because, inter alia, a TTAB proceeding inquires into the registrability of and infringement does not.

proceedings. See Johnny Blastoff, Inc. v. Los Angeles Rams Football Co., 48 U.S.P.Q.2d 1385, 1998 WL 766703 (N.D. Ill. 1998), aff'd on other grounds, 188 F.3d 427 (7th Cir. 1999) ("However, a jurisdiction to determine the controlling issue of priority is not tantamount to jurisdiction to order the PTO to grant or deny pending trademark applications. The PTO must reach its own registrability decision, albeit consistent with this court's ruling on the underlying dispute").

### B.  This Court Does Not Have the Authority to Terminate A Pending Trademark Application.

In Count V of its complaint, Burkina seeks to terminate Campagnolo's pending intent-to-use trademark application, Serial No. 78/568,676 for the mark CAMPY. As noted above, a declaratory judgment procedure should not normally be used to disrupt registration proceedings pending such as in the PTO. Goya Foods, Inc. v. Tropicana Products, Inc., 846 F.2d 848 (2d Cir. 1988); See 6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32:53 (4th ed. 2007).

Again, Burkina has failed to provide any statutory or legal basis for this declaratory judgment claim. Courts that have looked at the issue have found that "[p]rocedurally, the Court cannot order the cancellation of marks that have not yet been registered. Citigroup Inc. v. City Holding Co., 2003 U.S. Dist. LEXIS 1845 (S.D.N.Y. 2003); GMA Accessories, Inc. v. Idea Nuova, Inc., 157 F. Supp.2d 234, 241 (S.D.N.Y. 2000).

Moreover, Burkina's claim is premature. Campagnolo's pending application is currently the subject of a trademark opposition filed by a third party. See Exhibit B. As such, it is uncertain if the application will ever proceed to registration. In addition, the application cannot register until Campagnolo has satisfied the use requirements of the Lanham Act. See 15 U.S.C. §1051. Accordingly, Burkina cannot plead two elements of if its fraud claim - causation and

damages. GMA Accessories, Inc., 157 F. Supp.2d at 241. Burkina's action at this point is pure speculation and should be dismissed as such.

      C.    **Burkina Has Failed to Allege Fraud With Particularity Required by the Rules.**

Even if the Court were to find that it had the legal authority to terminate Campagnolo's pending intent-to-use trademark application, Serial No. 78/688,676, for the mark CAMPY, Count V of the complaint must be dismissed because Burkina has failed to comply with the pleading standards of Fed. R. Civ. 9(b). A claim for fraudulent procurement of a trademark must comply with the heightened pleading standards of Fed. R. Civ. P. 9(b) which provides "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." See GMA Accessories, Inc., 157 F. Supp. 2d at 242; San Juan Prods., Inc. v. San Juan Pools of Kansas, Inc., 849 F.2d 468, 472 (10th Cir. 1988); Gaffrig Perf. Indus., Inc. v. Livorsi Marine, Inc., 2001 U.S. Dist. LEXIS 8481, 2001 WL 709483, *4 (N.D. Ill. June 25, 2001).

In Count V, Burkina seeks cancellation of Campagnolo's CAMPY application for fraud on the PTO on the grounds that "[u]pon information and belief, CAMPAGNOLO did not have a bona fide intention to use the CAMPY mark." See Complaint ¶67. Generally, a party pleading fraud may not do so on "information and belief." GMA Accessories, Inc., 157 F. Supp.2d at 242. Burkina's fraud allegations are entirely conclusory and made only upon information and belief without any identification of the factual basis for the allegations. Burkina must do more than allege that Campagnolo lacked a bona fide intention to use the mark when it filed its application.

It must provide facts that form the basis of its belief. Accordingly, Count V must be dismissed pursuant to Rule 9(b).[3] Id.

### III. CONCLUSION

For the foregoing reasons, Campagnolo respectfully request that Counts IV and V of Burkina's complaint be DISMISSED WITH PREJUDICE.

Respectfully submitted,

By:  /s/Jeffrey A. Lindenbaum
Matthew C. Wagner (MW-9432)
Jeffrey A. Lindenbaum (JL-1971)
COLLEN *IP*
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel. (914) 941-5668
Fax. (914) 941-6091

John J. O'Malley, Esq.
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 568-6400
Fax: (215) 568-6499

*Attorneys for Defendants*

---

[3] Although an exception exists to pleading "upon information and belief" where the knowledge in peculiarly within the other party's possession, the party pleading fraud still bears the burden of alleging the facts that support its belief. GMA Accessories, Inc., 157 F. Supp.2d at 242.

CERTIFICATE OF FILING AND SERVICE

      I Brendan J. Reilly hereby certify that I served and filed a true and correct copy of Defendants' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), NOTICE OF MOTION TO DISMISS and [PROPOSED] ORDER upon opposing counsel via the CM/ECF system and via Federal Express on September 24, 2007 at the following address:


Law Office of Carmen S. Giordano
225 Broadway, 40th Floor
NY, NY 10007


                                                  /s/Brendan J. Reilly
                                                  Brendan J. Reilly


Dated: September 24, 2007