UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

BURKINA WEAR, INC.,
                       Plaintiff,

                                            07 CV 3610 (HP) (RWS)
    - against -

CAMPAGNOLO, S.R.L.,

                     Defendant.

----------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS IV AND V**

      Plaintiff Burkina Wear, Inc. ("Burkina") submits this memorandum of law in opposition to the motion of defendant Campagnolo S.r.L. ("Campagnolo") to dismiss Counts IV and V of the Amended Complaint for failure to state a claim.

**Factual Backround**

      The following relevant facts are alleged in the Complaint. Burkina is a privately held for-profit corporation organized and existing under the laws of the State of New York, with its principal place at 177 East Houston Street, New York, New York. A small business operated and owned by one individual, Ahmed Sankara, Burkina designs and manufacturers urban, "hip hop" theme apparel and accessories for sale primarily within New York City out of Burkina's East Houston Street store.[1] Burkina's urban-themed street wear and designs are marketed to a young and urban demographic, knowledgeable about and interested in hip hop music. Burkina's merchandise is not designed, manufactured or marketed for athletes, sporting events and/or bicycling-related sports and activities. Reproductions of exemplary Burkina merchandise and designs are

---

[1] "Hip hop" is a style of music primarily associated with African-American performers.

shown in Exhibit A to the Amended Complaint ("Complaint"). (The Complaint with exhibits is annexed to this memorandum as Exhibit A.)

Campagnolo, a for-profit corporation organized and existing under the laws of Italy with its principal place of business located at Via della Chimica 4,36100 Vicenza, Italy, manufactures, distributes and sells bicycle equipment and related apparel and other items worldwide. Examples of Campagnolo's merchandise and designs are annexed as Exhibit D to the Complaint. Campagnolo's products are not sold or marketed to an urban "hip hop" demographic, but to cycling enthusiasts.

Among the various designs and slogans Burkina has utilized on its apparel and accessories is the trade name "CAMPNY." Burkina created the "CAMPNY" trademark in January 2004 and began using it in commerce at least as early as June 2004. Burkina coined the "CAMPNY" trademark in part because of Burkina's store location in New York City.

On or about June 21, 2004, Burkina filed for registration of the "CAMPNY" trademark with the U.S. Patent and Trademark Office ("PTO") for use in connection with a variety of bags and items of clothing. Burkina's application was published in the public records of the P.T.O Official Gazette on or about April 26, 2005. See Exhibit B to the Complaint.

On February 16, 2005, Campagnolo filed an application to register what it asserts is its "CAMPY" trademark with the PTO. See Exhibit I to the Complaint. In fact, the unregistered name "CAMPY" is informally and minimally used only as a nickname or indicator of secondary source to identify Campagnolo's cycling-related apparel, but is not used by Campagnolo as a trade name. Campagnolo itself had not used the name in

interstate commerce in connection with clothing, apparel, or bags prior to the registration filing date and/or first use in commerce of Burkina's "CAMPNY" trademark. Campagnolo's application to register "CAMPY" was based in part upon Campagnolo's declaration of an intent to use the mark. Based upon the entire sequence of events alleged in the Complaint, it may be inferred that Campagnolo had no bona fide intention to use the CAMPY mark in commerce at the time of its declaration.

The "CAMPNY" and "CAMPY" marks are not likely to be confused, given their different spelling and the distinctive presentations of such marks, as well as the entirely different and specialized markets to which the products with each different mark are directed and distributed.

On or about September 1, 2005, Campagnolo filed a Notice of Opposition to Burkina's registration application in the PTO's Trademark Trial and Appeal Board ("TTAB"). See Exhibit C to the Complaint. Campagnolo's opposition alleged, in part, that Burkina's use of the "CAMPNY" trademark creates a likelihood of confusion with and otherwise dilutes Campagnolo's unregistered trade name "CAMPY." Campagnolo also alleged in its opposition that Burkina's registration application had not accurately stated the nature of its prior use of the "CAMPNY" mark.

Burkina made a variety of good faith efforts to obtain discovery from Campagnolo in the TTAB proceeding. Campagnolo nevertheless refused to provide complete or accurate discovery responses, despite Burkina's proposal for a protective order regarding any confidential information and materials. In response to Campagnolo's motion for additional time to respond to Burkina's discovery requests, on October 12,

2006, the TTAB granted Campagnolo until November 1, 2006 to respond to Burkina's second set of interrogatories and requests for production.

On October 31, 2006, one day prior to the expiration of that time period for production of discovery, Campagnolo filed a lawsuit against Burkina in the United States District Court for the Eastern District of Pennsylvania ("E.D. Pa.") alleging trademark infringement and associated wrongs by its use of the "CAMPNY" mark. See Exhibit E to the Complaint [without exhibits]). The next day, November 1, 2006, the last date for Campagnolo to produce discovery in the TTAB proceeding, Campagnolo filed a motion to suspend the TTAB proceeding pending the disposition of the E.D. Pa. lawsuit.

Campagnolo instituted of the E.D. Pa. lawsuit (in the venue of Campagnolo's lawyer's offices) with no good faith basis to think that such court was an appropriate venue in which to sue Burkina. The lawsuit was primarily intended to delay the TTAB proceeding, so as to avoid compliance with discovery regarding Campagnolo's use, if any, of the name "CAMPY." Campagnolo's ploy was intended solely to frustrate Burkina's attempt to register its name "CAMPNY" and cause Burkina unnecessary legal expenses. See Exhibit "G" to the Complaint.

On May 1, 2007, the E.D. Pa. District Court dismissed Campagnolo's action on the two grounds of lack of personal jurisdiction and improper venue. See Exhibit F to the Complaint.

On May 7, 2007, Burkina filed this action seeking declaratory relief, and on May 24, 2007 filed an amended complaint, seeking declarations that Burkina's use of the "CAMPNY" trademark does not constitute trademark infringement (Count I); dilution (Count II); or unfair competition, false designation of origin, palming off or false

description or representation (Count III). The Complaint also seeks a declaration that Burkina's registration and use of the "CAMPNY" trademark is not likely to cause confusion with or dilute Campagnolo's trademarks, warranting the dismissal of Campagnolo's opposition to registration of "CAMPNY" and an order to the PTO to permit Burkina to register its name "CAMPNY" (Count IV). Lastly, the Complaint seeks a declaration that, due to Campagnolo's lack of a bona fide intention to use the "CAMPY" mark in commerce at the time of it sought to register that name, Campagnolo committed fraud on the PTO in its efforts to register it, and, accordingly, such application to register should be declared void and cancelled (Count V). Burkina also seeks an award of its reasonable attorney's fees and costs.[2]

Upon the dismissal of the E.D. Pa. action, on May 24, 2007 Burkina also filed a motion to reopen the TTAB proceeding, which Campagnolo opposed on the grounds that Burkina had instituted this action. In an order dated August 10, 2007, annexed hereto as Exhibit B, the TTAB denied Burkina's application to reopen the TTAB proceeding pertaining to "CAMPNY" on the grounds that this federal action "may be dispositive of or have a bearing on the Board [TTAB] case." Exhibit B at 2-3.

### CAMPAGNOLO'S MOTION TO DISMISS COUNTS IV AND V OF THE COMPLAINT SHOULD BE DENIED

Campagnolo now moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts IV and V of the Complaint on the grounds that such counts fail to state a claim. In requesting such relief, Campagnolo focuses entirely on non-dispositive technicalities and fails to address the essence of Burkina's allegations in the challenged Counts.

---

[2] Campagnolo indicates in its memorandum in support of its motion to dismiss Counts IV and V in this action that, had Burkina not instituted this action, Campagnolo itself intended to file an action in this District (Mem. in Supp. at 2).

Campagnolo also fails to take account of this Court's broad power to fashion appropriate relief to prevent the abuse of process and use of legal proceedings for harassment rather than legitimate resolution of actual disputes. No relief afforded herein would disrupt the TTAB proceeding, as Campagnolo suggest, as such proceeding will remain stayed until the outcome of this litigation. The order staying those proceedings itself states that "a decision by the district court could be dispositive of, or have a bearing on, the issues in this opposition proceeding." Exhibit B at 2-3.

A motion to dismiss for failure to state a claim upon which relief may be granted is appropriate only when the facts asserted by the plaintiff entitle that party to no legal remedy. See Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000). It is well settled that, in reviewing a motion for dismissal for failure to state a claim, the court must assume that all well-pled factual allegations are true and indulge in all reasonable inferences in favor of the non-movant. See Anaheim Gardens v. United States, 444 F.3d 1309, 1314-15 (Fed. Cir. 2006).

Count IV alleges that Campagnolo engaged in aggressive, non-substantive, tactical use of its TTAB opposition to the registration of "CAMPNY," in which Campagnolo has proverbially "dragged its heels" in discovery, as well as filed a patently mis-venued E.D. Pa. action, in order to delay the TTAB proceeding and entirely avoid continued discovery therein.[3] Count V alleges that Campagnolo also fraudulently

---

[3] As one example of an entirely unfounded and indeed fanciful allegation that Campagnolo made in the TTAB proceeding, in its Opposer's Reply to Applicant's Response to Opposer's Motion to Suspend and Opposer's Response to Applicant's Motion to Dismiss, Motion for Sanctions and Motion for Judgment on the Pleadings, Exhibit C hereto, in explaining why it instituted the E.D. Pa. action, Campagnolo stated, "Opposer (Campagnolo) filed the Civil Court action after realizing how widespread Applicant's trademark infringement is, not to delay the registration or avoid discovery." Id. at 5. Apparently not as widespread as Philadelphia.

instituted its own intent-to-use registration filing for "CAMPY," all with the design of defeating Burkina's registration of its "CAMPNY" trademark.

As Campagnolo also concedes in its memorandum in support of dismissal ("Mem. in Supp."), if Burkina had not already filed this action, Campagnolo intended to file an additional action in this District, Mem. in Supp. at 2, which it doubtless counted on as yet another means of continuing to stay the "CAMPNY" TTAB proceeding.[4] If Campagnolo believed, as it asserts, that only the TTAB can fully resolve the parties' disputes, see, e.g., Mem. in Supp. at 5, there was no legitimate reason for Campagnolo to file either the E.D. Pa. action or a subsequent action in this District.

Given Campagnolo's tactics, Burkina had no reasonable option but to file for declaratory relief in this appropriate District as a counter to Campagnolo's multifaceted obstructive campaign. Indeed, Campagnolo's motion to dismiss Counts IV and V is yet another wasteful tactic to discourage and frustrate Burkina's use and registration of "CAMPNY."

The heart of Counts IV and V's is allegations that Campagnolo used its opposition in the TTAB proceeding (Count IV) and its own attempt to register the mark "CAMPY" (Count V) in bad faith primarily to frustrate Burkina's registration of "CAMPNY." Both Counts allege that such actions violate Burkina's rights, which violations merit relief. The heart of the Counts is not the particular relief requested. The request for relief itself is arguably not properly part of a complaint's count and may be disregarded in considering the propriety of dismissal. See, e.g., Kirby v. United States

---

[4] Despite that asserted intent, however, Campagnolo has not alleged counterclaims against Burkina in this action, which tends to prove that the only purpose of an action by Campagnolo would have been to stay the TTAB proceeding, a goal already achieved due to Burkina's own filing. .

Government, Dep't of Housing & Urban Dev., 745 F.2d 204, 209 (3d Cir. 1984) (district court should not have dismissed claim for mootness since some relief could be afforded).

This federal Court has full power and discretion to fashion appropriate relief in order to enforce the parties' established rights. See Cooper v. Aaron, 358 U.S. 1, 78 S. Ct. 1401, 3 L. Ed. 2d 5 (1958); Brown v. Board of Education, 349 U.S. 294, 75 S. Ct. 753, 99 L. Ed. 1083 (1955); New York State Assoc. for Retarded Children, Inc. v. Carey, 551 F. Supp. 1165 (E.D.N.Y. 1982). This power extends to cases involving trademark and unfair competition, as here. See generally King-Seeley Thermos Co. v. Aladdin Industries, Inc., 418 F.2d 31 (2d Cir. 1969). Thus, Campagnolo misses the mark in arguing, at this preliminary phase, that dismissal is proper because Counts IV and V request improper forms of relief.

Notably, Campagnolo's memorandum lacks any assertion that the substance of Counts IV and V, which incorporate all prior allegations in the Complaint, and which Burkina will next address individually, fail to state legal or equitable claims within this Court's jurisdiction. Thus, Counts IV and V's allegations should be considered as necessary complements to Burkina's initial assertions that the "CAMPNY" mark does not infringe, dilute or unfairly compete with any mark of Campagnolo (Complaint, Counts I, II and III), none of which Campagnolo moves to dismiss for failure to state a claim. Burkina seeks to resolve to the greatest extent possible in one forum all related issues presented by Campagnolo's obstructive tactics in opposition to its registration of the "CAMPNY" mark.

### A. Count IV States a Claim for Relief Due to Campagnolo's Abuse of Procedure in the TTAB Proceeding Relating to "CAMPNY."

Burkina alleges claims in Count IV in order to resolve, to the fullest extent possible in this proceeding, the issue of Burkina's right to register the CAMPNY mark and seek findings that will dispose of the issues raised by Campagnolo in its opposition in the TTAB proceeding. Campagnolo concedes that this Court has full jurisdiction to rule on the issues also presented in the TTAB proceeding that relate to confusion or dilution. Mem. in Supp. at 5 n2. Campagnolo also properly concedes that the TTAB would be bound by this Court's factual and legal determinations based on principles of collateral estoppel or issue preclusion. Id. Given these concessions, the sequence of events recounted above, and this Court's undoubted plenary powers to hear matters relating to trademark disputes, Burkina plainly is entitled to seek relief against legally unjustified actions by Campagnolo to enable the expeditious conclusion of Burkina's registration application for CAMPNY.

In effect, the only part of the Burkina's "allegations" in support of Count IV that Campagnolo attacks as legally insufficient, assuming such is an "allegation," is Burkina's request for dismissal with prejudice of Campagnolo's opposition in the TTAB proceeding, made in paragraph 63 of the Complaint. As Campagnolo itself points out, a movant is only entitled to dismissal of a count or entire complaint when it clearly appears that the plaintiff "can prove no set of facts to support a claim which would entitle it to relief," citing AXA Corporatioin Solutions Ins Co v. Lumbermens Mutual Casualty Co., 2007 U.S. LEXIS 1642 (2d Cit. 2007). A fortiori, to survive dismissal, a complaint need not establish that a plaintiff is entitled to a specific form of relief, merely that the plaintiff is entitled to some relief due to the defendant's commission of a redressable wrong.

Campagnolo's primary argument for dismissal of Count IV is its contention that a federal district court "has no authority to terminate a pending TTAB proceeding." Assuming, arguendo, that such assertion were correct, all Campagnolo would have established is that the form of relief specified in Count IV is legally barred. Campagnolo has not established, however, that Burkina has alleged no set of facts that would entitle it to some form of relief to bar Campagnolo from continuing to use the TTAB proceedings merely to harass Burkina and frustrate its legitimate attempt to register its trademark.

It is premature at this stage of this litigation to assess which of the various kinds of available relief for the wrongs alleged, such as specific findings of fact, injunctions or directives to the PTO and/or award of sanctions, penalties, attorney's fees, punitive or treble damages or costs, assuming that the wrongs alleged in Count IV are proved, would be warranted. The fact that some relief may be warranted, even if only declaratory, is sufficient to bar dismissal.

Campagnolo also argues that the issues relating to its allegations of Burkina's fraud on the PTO in the submission of registration material are more properly considered by the TTAB than a District Court, Mem. in Supp. at 5.[5] Yet, Campagnolo cites no authority that a District Court is precluded from ruling on whether or not such presentations were fraudulent. Factual findings regarding such application could bind the

---

[5] Another example of Campagnolo's duplicitous claims in its TTAB Opposition is its assertion that Burkina overstated the extent of its use of "CAMPNY" in its application to register that mark. The pendency of such claim, however, as to which Campagnolo now asserts the TTAB has particular expertise, did not prevent Campagnolo from later arguing the opposite to the TTAB, in essence, that "Burkina's trademark violation was much more widespread than initially thought," as noted above. See Exhibit C at 5. In other words, Campagnolo has no difficulty simultaneously asserting both widespread copyright violation and insufficient use and distribution to warrant registration. Such lack of inhibition has unfairly bedeviled Burkina from the outset of its attempt to register.

TTAB, as Campagnolo concedes. Determinations regarding the commission of fraud are well within the ken of this Court or a federal jury.

The District Court's power to make factual and legal findings is particularly critical in a case like this, where the party resisting the trademark registration has used obviously oppressive, bad faith tactics, including the allegation of fraud in the registration application solely to defeat the application, without any meritorious basis for its allegations of fraud, and has consistently frustrated the conduct and completion of the registration process.

By limiting its attack to the particular form of relief Burkina mentioned in Count IV, and relying otherwise solely on the undisputed general competence of the TTAB to rule on allegations of fraud on the PTO, Campagnolo has failed to establish its entitlement to dismissal of Count IV, as it has not shown that such Count fails to plead a set of facts entitling Burkina to some form of relief. Accordingly, Campagnolo's motion to dismiss Count IV should be denied.

**B. Count V Also States a Claim for Relief in Alleging That Campagnolo Committed Fraud in Seeking to Register the Mark "CAMPY" Based on a Claim of Intention to Use.**

In seeking dismissal of Count V, Campagnolo also primarily attacks the form of specific relief requested, the cancellation of Campagnolo's application to register the mark "CAMPY." Such limited attack on the requested form of relief, as urged above, does not alone establish a ground for dismissal. As with respect to Count IV, it is too early at this stage of this litigation to determine the appropriate form of relief to be afforded if Burkina proves its claims in Count V. The proper form and extent of relief would be the subject of argument and briefing at a later stage.

Burkina will prove that Campagnolo sought to register "CAMPY" as a mark solely as one more tactic in its concerted campaign to defeat the registration of "CAMPNY." As such, Burkina's allegations relating to Campagnolo's attempted registration of "CAMPY" ought to be considered in this action, in which Burkina seeks relief that will provide it all of the protection it is entitled to receive in this forum against the perpetration of further tactics by Campagnolo designed solely to harass and frustrate Burkina's registration of its trademark "CAMPNY."

Campagnolo also argues that Burkina fails to state a claim for relief in Count V as Campagnolo's pending application to register "CAMPY" is currently the subject of a trademark opposition filed by a third party, citing to "Exhibit B" to its memorandum. Mem. in Supp. at 6.[6] Assuming the existence of such opposition, its pendency does not mean that Count V should be dismissed for failure to state a claim. Burkina only asks this Court to hear and consider whether Campagnolo's application to register "CAMPY" reflected a genuine intent to use that mark in commerce, as opposed to yet another ploy to undermine Burkina's registration of "CAMPNY." Those issues are not related to some other party's objection to the filing. While Campagnolo argues, in effect, that its attempt to register "CAMPY" may ultimately fail, such that the issue may become moot, it is not moot at present. Moreover, the ultimate failure of the registration could not erase any bad faith or fraud proved regarding the initial attempt to register.

While Burkina does not believe that the "CAMPNY" and "CAMPY" marks are or would be confused, as alleged in the Complaint, Campagnolo has alleged in the TTAB proceeding that the marks are and would be confused. That assertion is,

---

[6] In fact, Exhibit B to Campagnolo's memorandum contains a summary of Campagnolo's own opposition to Burkina's registration of CAMPNY and does to relate to any opposition to Campagnolo's registration of CAMPY.

presumably, the very basis for its attempt to register "CAMPY," which it never did until Burkina attempted to register "CAMPNY." Yet Campagnolo also asserts that Count V should be dismissed as its registration of "CAMPY" cannot actually proceed until Campagnolo has satisfied the use requirements of the Lanham Act, 15 U.S.C. § 1051, which it still has not done despite the passage of over two years since its registration application. Mem. in Supp. at 6. Such need to establish use, contrary to Campagnolo's apparent contention, is irrelevant to whether Count V states a claim, for an analogous reason to that urged above regarding possible eventual mootness. Lack of ripeness of the registration proceeding is irrelevant to bad faith exhibited in its initiation.

Campagnolo next contends that Count V should be dismissed because Burkina cannot satisfy the need to plead causation and damages, given the preliminary stage of Campagnolo's application to register "CAMPY," Mem. in Opp. at 6. Again, Campagnolo misconceives Burkina's allegations. Burkina need not wait until "CAMPY" is registered in order to attack the application to register as an anticompetitive, fraudulent tactic. Assuming, arguendo, there were any ground to find that the "CAMPY" mark could be confused with the "CAMPNY" mark, as Campagnolo has claimed, Burkina, as the first user of the latter mark, is surely entitled to relief against a bad faith attempt to register a potentially confusing mark, not previously used or genuinely intended for future use, but merely filed for registration as a ploy to defeat the registration of the actually-used mark.

Campagnolo's last ground for seeking dismissal of Count V is that Burkina allegedly failed to plead fraud with particularity as required under Rule 9(b). Mem. in Supp. at 7-8. Yet Campagnolo apparently myopically focuses solely on the

specific facts alleged in paragraphs 65 to 68 in Count V, ignoring paragraph 64's incorporation by reference of all of the prior paragraphs in the Complaint. Burkina alleged on information and belief in paragraph 67 of the Complaint that Campagnolo has no intent to use the "CAMPY" name based upon reasonable inferences drawn from the specifically alleged sequence of events contained in all of the prior factual paragraphs of the Complaint. Those allegations, primarily including a sequence of undisputed facts of record, support a strong inference that Campagnolo's attempt to register the "CAMPY" name, which it has not yet used, is no more than another manipulative tool to defeat the registration of "CAMPNY."

By its very nature, moreover, an allegation of intent must be made based upon information and belief, as intent may only be proved by inferences, absent an outright admission, which could be proved only by discovery of Campagnolo's own internal documents and communications. Campagnolo itself recognizes this principle, as held in <u>GMA Accessories, Inc.v. Idea Nuova, Inc.</u>, 151 F. Supp. 2d 234, 242 (S.D.N.Y. 2000) (fraud may be pled based on information and belief where facts are solely in opponent's possession). Moreover, as there is no question what fraud Burkina is alleging (Campagnolo made a false statement of intent to use "CAMPY"), and no question how Campagnolo allegedly perpetrated the fraud (by filing a bad faith application of intent to use "CAMPY" with the PTO), the pleading requirements of Rule 9(b) are fully satisfied here.

For all of these reasons, Campagnolo's motion to dismiss Count V should be denied.

- 15 -

## CONCLUSION

As shown above, Campagnolo's motion should be denied in its entirety. Should this Court find any defect in Counts IV and V requiring dismissal, however, Burkina respectfully requests leave to replead Counts IV and V.

                            Respectfully submitted,

                            Law Office of Carmen S. Giordano
                            Attorney for Plaintiff

By: _____
                            Carmen S. Giordano (CSG-3927)
                            225 Broadway, 40th Floor
                            New York, NY 10007
                            (212) 406-9466

Dated: New York, New York
       October 9, 2007