IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BURKINA WEAR, INC. | : | |
| | : | |
| | : | 07 cv 3610 (HP) (RWS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAMPAGNOLO S.R.L. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS IV AND V PURSUANT TO RULE 12(b)(6)**

Defendant Campagnolo S.r.l. ("Campagnolo") submits this Reply Memorandum in support of its pending Motion to Dismiss Counts IV and V of Plaintiff's Plaintiff Burkina Wear, Inc.'s ("Burkina") Amended Complaint.

**I.   INTRODUCTION**

Burkina devotes much of its Response to launching *ad hominem* and irrelevant attacks on Campagnolo's conduct during the opposition and the prior Eastern District of Pennsylvania action. However, if the allegations in Counts IV (declaratory relief for dismissal of pending T.T.A.B. proceedings) and Count V (declaratory relief for cancellation of Application No. 78/568,676 to register CAMPY) of the Burkina's Amended Complaint are examined without the din of attorney argument and attacks, it is clear that no relief can be granted under the alleged set of facts and Burkina has failed to state a claim upon which relief can be granted.

1

## II.     ARGUMENT

### A.     Count IV Fails To State A Claim Upon Which Relief Can Be Granted

In Count IV Burkina seeks a declaratory judgment order dismissing the parties' pending Trademark Trial and Appeal Board ("TTAB") Opposition because Burkina's use of the CAMPNY trademark is not likely to cause confusion or dilute Campagnolo's CAMPY trademark. See Amended Complaint ¶63.  Burkina has cited no case law to support its right to the relief requested, namely, a declaratory judgment order dismissing a currently stayed TTAB trademark opposition proceeding.  Burkina attempts to avoid the implication of that argument by arguing that in order to avoid dismissal pursuant to Rule 12(b)(6) Burkina need not establish that it is entitled to the relief requested, but merely that it is entitled to "some form relief" due to some wrong committed by Defendant.  In other words, if Burkina would be entitled under a different legal theory to some other form of relief, such as attorney's fees or costs for the alleged misdeeds of Campagnolo, then Count IV should not be dismissed.

This argument is contrary to both the Rules of Civil Procedure and the discretionary nature of the Declaratory Judgment Act.  Burkina has failed to allege any facts which entitles it to the relief sought under Count IV.  If Burkina has some other theories or claims for relief those were required to have been pled in accordance with the Rules of Civil Procedure.

Moreover, as set forth in Campagnolo's opening memorandum, if Burkina or Compagnolo prevail in this action, the TTAB would be bound by collateral estoppel and/or issue preclusion on the same likelihood of confusion and dilution claims for which Burkina seeks relief. Jet, Inc. v. Sewage Aeration Sys., 223 F 3d 1360, 1364 (Fed. Cir. 2000).

While it is true that issues regarding the registration of Burkina's application, such as issues surrounding fraudulent claims of use of the mark, may be left for determination by the

court if Burkina were to prevail, these issues are better left to the purview of the TTAB which has expertise in applying its own rules. Burkina has not cited any caselaw that supports its position to terminate the opposition while it is still pending with the TTAB. Burkina cannot circumvent the PTO's exclusive jurisdiction to register (or deny registration of) a mark, by filing suit for declaratory judgment in this Court.

Even if the Court had the authority to act, as set forth above, it would be a waste of judicial resources for this Court to exercise its discretion under the Declaratory Judgment Act and to disrupt the administrative proceedings at the TTAB.

### B.     Count V Fails To State A Claim Upon Which Relief Can Be Granted

In Count V of its Amended Counterclaim, Burkina seeks a declaratory judgment from this Court ordering the USPTO to cancel Campagnolo's pending U.S. Application Serial No. 78/568,676 because it did not have a *bona fide* intention to use the mark when it filed its application. Burkina uses its Response to elaborate on the grounds for its claim by alleging that Campagnolo filed the application as a tactical campaign to defeat the registration of Burkina's CAMPNY mark.

Burkina's allegations ignore the fact that even if Campagnolo's pending application for CAMPY were to proceed to registration it cannot be used as a basis to oppose or block Burkina's application for CAMPNY because the Burkina application for CAMPNY was filed before the Campagnolo application. See Amended Complaint ¶¶ 14, 16, and 65. It is for that reason that Campagnolo has not asserted its pending CAMPY application as grounds for opposing Burkina's application for CAMPNY. See Campagnolo's Notice of Opposition attached as Exhibit C to Burkina's Amended Complaint. Accordingly, there is, and can be, no harm to Burkina in the

pendency of the Campagnolo application for CAMPNY and there is no factual basis for the claim that Campagnolo's application for CAMPNY was filed for an improper purpose.

Indeed, the alleged facts prove otherwise, as Campagnolo's application for CAMPY was filed before the CAMPNY application was published for opposition and there is no allegation that Campagnolo knew of the application before it was published. See Amended Complaint ¶¶ 14, 16, 17, and 65.  Likewise, Burkina cannot be harmed by the pendency of Campagnolo's CAMPY application because, as alleged in Burkina Amended Complaint, Burkina does not believe that there is any likelihood of confusion between the marks. See Amended Complaint ¶¶ 37-50.  Based on the facts as alleged in the Amended Complaint, Burkina has failed to state a claim upon which relief cab be granted.

      **C.**    **Count V Fails to Allege Fraud With Sufficient Particularity**

In response to Campagnolo's argument that allegation of fraud in Count V were not pled with sufficient particularity required by Rule 9, Burkina argues that the Court and Campagnolo should examine the rest of the paragraphs of Amended Complaint which were incorporated by reference in Paragraph 64.  Notwithstanding, Burkina conveniently fails to point to a <u>single</u> fact alleged elsewhere in its complaint that supports the allegation that Campagnolo's application was filed without a *bona fide* intent to use the mark for the improper purpose of defeating the registration of the CAMPNY mark.  As set forth above, the alleged facts point to a different conclusion, i.e., Campagnolo's application was filed before Campganolo knew of the Burkina application and the CAMPY application could not be used to oppose Burkina's application. See Amended Complaint ¶¶ 14, 16, 17 and 65.

Despite Burkina's attorney's argument, Burkina's fraud allegations remain entirely conclusory without any identification of the factual basis for the allegations. Burkina must do

4

more than allege that Campagnolo lacked a bona fide intention to use the mark when it filed its application. It must provide facts that form the basis of its belief. Accordingly, Count V must be dismissed pursuant to Rule 9(b).

### III.  CONCLUSION

For the foregoing reasons, Campagnolo respectfully requests that Counts IV and V of Burkina's complaint be dismissed with prejudice.

Respectfully Submitted,

By: __/s/ Jeffrey A. Lindenbaum____
 Jess M. Collen (JC 2875)
Matthew C. Wagner (MW 9432)
Jeffrey A. Lindenbaum (JL 1971)
Collen IP
The Holyoke Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel: (914) 941-5668
Fax: (914) 941-6091
jlindenbaum@collenip.com

John J. O'Malley, Esq.
Volpe and Koenig, P.C
United Plaza, Suite 1600
30 South 17th Street
Philadelphia, PA  19103
Tel: (215) 568-6400
Fax: (215) 568-6499
E-mail: jomalley@volpe-koenig.com

Dated:  October 19, 2007

CERTIFICATE OF SERVICE

      I hereby certify that on October 19, 2007 I electronically filed the foregoing Reply in Support of Defendant's Motion to Dismiss with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Carmen S. Giordano, Esquire
Law Office of Carmen S. Giordano
225 Broadway, 40th Floor
New York, NY 10007
Tele:  212-406-9466
Fax:  212-406-9410
E-Mail:  carmen@csgiordano.com

      _/s Jeffrey A. Lindenbaum_____