IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BURKINA WEAR, INC. | : | |
| | : | |
| | : | 07 cv 3610 (HP) (RWS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAMPAGNOLO S.R.L. | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND MOTION FOR PROTECTIVE ORDER

Defendant, Campagnolo S.r.l. ("Campagnolo"), by and through its attorneys, hereby responds to the March 13, 2008 letter motion of Plaintiff, Burkina Wear, Inc.'s ("Burkina") to compel discovery, and moves for the entry of a protective order pursuant to Fed. R. Civ. P. 26.

I.   BACKGROUND AND NATURE AND STAGE OF PROCEEDINGS

This is an action brought by Burkina for declaratory judgment of: (1) non-infringement of trademarks, (2) non-dilution of trademarks, (3) no state and federal unfair competition, (4) dismissal of a pending opposition at the Trademark Trial and Appeal Board, and (5) cancellation of Campagnolo's pending trademark application for CAMPY.

On October 9, 2008, Campagnolo filed its currently pending motion to dismiss Counts IV and V of Plaintiff's complaint. (D.E. 13).

In its October 25, 2007 Scheduling Order, the Court ordered, *inter alia*, that the parties are to complete all discovery by April 15, 2008. (D.E. 17).

On October 26, 2007, the Court amended the discovery deadline and ordered the completion of all discovery and the filing of all motions, with the exception of motions *in limine*, by August 1, 2008. (D.E. 18).[1]

On March 7, 2008, Burkina wrote to the Court regarding the parties' discovery dispute, but the March 7, 2008 letter was not entered into the Court's docket.

On March 13, 2008, counsel for Burkina advised Campagnolo's counsel that the parties "have a conference on the motion scheduled" for March 26, 2008 at noon.

As a result of a March 25, 2008 conversation with the Court's chambers, it was learned that the Court was treating Burkina's March 7, 2007 letter as a motion and the March 26, 2008 conference as a hearing.

## II.    ARGUMENT

### A.    This Court Should Deny Burkina's Motion to Compel As Premature.

Campagnolo has produced over 9,100 pages of documents and will be producing additional documents and supplementing its interrogatory responses upon entry of an appropriate protective order to protect its confidential and proprietary business information. Plaintiff's statement that no discovery has been produced by Defendants is no longer true. Further, Plaintiff's representation that

---

[1]    In its letter motion, Burkina's counsel incorrectly identified the April 15, 2008 as the deadline for the close of discovery.

2

discovery is scheduled to close on April 15, 2008 is also not accurate. Discovery in this matter is scheduled to close on August 1, 2008. *See,* D.E. 18.

Prior to the filing of Plaintiff's motion to compel, as well as after, the Parties have met and conferred in an effort to resolve the outstanding discovery disputes without Court intervention. This process is not yet complete. While Defendant's counsel required some additional time to obtain responsive materials from its client located abroad (a fact that was communicated to Plaintiffs), those documents have now been received and produced. Additional documents, containing proprietary business records, will likewise be produced as soon as an appropriate protective order is entered.

Given the above, Defendant's motion to compel should be denied so that the Parties may continue to exchange any outstanding discovery, including documents protected by the proposed protective order, and so that the Parties may thereafter meet and confer to resolve, or at least narrow, any remaining disputes. It should not go unnoticed that to date, Burkina has produced less than thirty (30) pages of documents and has responded to only five (5) out of twenty-one (21) of Campagnolo's interrogatories. *See* Exhibits A and B. It remains Camapagnolo's belief that the parties can, and should, resolve these issues prior to seeking Court intervention and will continue to try to do so. Burkina's efforts to prematurely create a tempest in a teapot for some perceived tactical advantage should be rejected.

### B. A Protective Order Is Necessary to Protect the Parties Confidential Information

Rule 26(c)(7) authorizes courts, for good cause shown, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way . . ." Fed. R. Civ. P. 26(c)(7). "The party seeking a protective order has the burden of demonstrating that good cause exists for issuance of the order." <u>Uniroyal Chem. Co. v. Syngenta Crop Prot.</u>, 224 F.R.D. 53, 56 (D. Conn. 2004) (internal citations omitted).

Protective orders limiting access to highly confidential information to counsel and experts "are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information." <u>Vesta Corset Co., Inc. v. Carmen Founds., Inc.</u>, 1999 U.S. Dist. LEXIS 124, 1999 WL 13257, at *3 (S.D.N.Y. Jan 13, 1999) (internal citations omitted). In this case, Campagnolo is a privately held Italian company. The information Campagnolo seeks to protect consists of trade secrets and other confidential or proprietary information not known to the public or the receiving party. In particular, Campagnolo seeks protection of information relating to its annual sales, annual advertising and marketing expenditures, internal communications and reports, license agreements and surveys. The disclosure of this information to Campagnolo's customers is likely

to cause economic harm and is the appropriate subject matter for a protective order. A proposed protective order is attached as Exhibit C.[2]

### C. This Court Should Deny Burkina's Request For Sanctions

Pursuant to Rule 37, "if a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2).  Sanctions in this case are not warranted, and the request at this stage is frivolous and vexatious.  In the first instance, this Court has not previously issued any orders requiring Campagnolo to comply with Burkina's discovery requests.  This factor alone is fatal to Plaintiff's request for sanctions at this time. Fed. R. Civ. P. 37(b); Bank of New York v. Meridien Biao Bank Tanz., 171 F.R.D. 135, 143 (S.D.N.Y. 1997), quoting, Factor v. Mall Airways, Inc., 131 F.R.D. 52, 55 (S.D.N.Y. 1990).  In addition, there is no evidence that Campagnolo acted in bad faith. As noted previously, given the fact that Burkina has not even responded to many of Campagnolo's interrogatories and only produced less than thirty (30) pages of documents, Campagnolo believed it could work out the disputes between the parties.

Burkina's request for the extreme sanction of striking answers and defenses is not warranted as Campagnolo has not violated any order, and runs contrary to this Court's preference to resolve matters on the merits.  Id. at 143 n. 1 (It is

---

[2] Campagnolo provided a copy of the proposed Protective Order to Burkina's counsel on March 24, 2008, but has not been able to determine whether Burkina's counsel will agree to the protective order.

inappropriate to grant a request for a Rule 37(b)(2) order that would conclusively establish specified facts since no specific discovery order was violated).

    D.    **Extension of the Discovery Deadline**

Burkina has sought extension of the Court's trial deadlines.  As noted above, Burkina's claim that discovery closes on April 15, 2008 is incorrect in view of the Court's October 26, 2008 Order setting the close of discovery for August 1, 2008. (D.I. 18).  Nevertheless, Campagnolo does not object to extending the trial dates and respectfully proposes moving all dates by an additional thirty (30) days to allow the Parties to resolve any remaining disputes and complete discovery.

### III.   CONCLUSION

For the foregoing reasons, Campagnolo respectfully requests that Burkina's Motion to Compel be denied in its entirety and Campagnolo's motion for a protective order should be granted.

Dated:  March 25, 2008

                                Respectfully submitted,

                                _____/s Jeffrey A. Lindenbaum_____
                                Jeffrey A. Lindenbaum (JL 1971)
                                Matthew C. Wagner (MW 9342)
                                COLLEN *IP*
                                The Holyoke Manhattan Building
                                80 South Highland Avenue
                                Ossining, NY  10562
                                914-941-5668
                                914-941-6091 (fax)
                                jlindenbaum@collenip.com

Anthony S. Volpe, Esquire (admitted pro hac vice)
John J. O'Malley, Esquire (admitted pro hac vice)
VOLPE AND KOENIG, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA  19103
215-568-6400


*Attorneys for Defendant,
Campagnolo S.r.l.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 25, 2008 I electronically filed the foregoing Response to Plaintiff's Letter Motion to Compel and Motion for a Protective Order with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Carmen S. Giordano, Esquire
Law Office of Carmen S. Giordano
225 Broadway, 40th Floor
New York, NY 10007
Tele: 212-406-9466
Fax: 212-406-9410
E-Mail: carmen@csgiordano.com

/s Jeffrey A. Lindenbaum