# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Burkina Wear, Inc.,

                    Plaintiff,

          v.

Campagnolo, S.R.L.,

                    Defendant.

Civ. No. 07 cv 3610 (HP) (RWS)

## DEFENDANT'S FIRST SET OF INTERROGATORIES
## TO PLAINTIFF, BURKINA WEAR, INC.

Defendant, CAMPAGNOLO, S.R.L., by its attorneys, propounds the following written interrogatories to Plaintiff, BURKINA WEAR, INC. ("Burkina") to be answered in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, separately and fully in writing and under oath by Burkina within thirty (30) days.

## NOTES AND DEFINITIONS

A.    As used herein, "Plaintiff" means Burkina Wear, Inc., all legal entities or fictitious names under which Defendant believes Plaintiff has done or is doing business together with all predecessors in interest, divisions, subsidiaries, or affiliates thereof, whether owned in whole or in part, and employees, agents, or representatives thereof.

B.    "Campagnolo" means Campagnolo S.R.L., and all legal entities or fictitious names under which it has done or is doing business together with all predecessors in interest, divisions, subsidiaries, or affiliates thereof, whether owned in whole or in part, and employees, agents, or representatives thereof.

C.    "Defendant" means the named Defendant in this Action, Campagnolo, S.R.L. and all legal entities or fictitious names under which it has or is doing business together with all predecessors in interest, divisions, subsidiaries, or affiliates thereof, whether owned in whole or in part, and employees, agents, or representatives thereof.

D.    As used herein, "person" and "persons" means any natural persons and all other legal entities, including firms, associations, partnerships, corporations, agents, representatives and trusts.

E.    The word "document" or "documents" is used in the broadest sense of the Federal Rules whether in hard copy or electronic form and whether perceivable with or without the use of any interpretive device and encompasses all means of preserving information.

F.    As used herein, "state" means to set forth every fact known to the respondent concerning the answer to the Interrogatory.

G.    As used herein, "identify" when used in reference to an individual means to state the following:

      (a)  full name;

      (b)  title, if any;

(c)  present known address;

(d)  present business address; and

(e)  person, if and for whom the identified individual was acting at the time to which the Interrogatory relates.

H.    As used herein, "identify" when used in reference to an artificial person such as a corporation or other legal entity means to state the following:

(a)  its full name;

(b)  all names under which is known or operates;

(c)  address of its principal office;

(d)  address of its registered office;

(e)  the state under whose laws it is organized; and

(f)  its relationship (e.g., parent, subsidiary, affiliate) with defendant.

I.    As used herein, "identify" when used in reference to any document means to state the following:

(a)  its date;

(b)  identity of its authors;

(c)  identity of persons to whom addressed;

(d)  complete summary of contents;

(e)   its assigned document number, and

(f)  identity of persons believed to have possession, custody or control of the document.  If (a) through (e) are provided through document

production, the document is to be identified by its production number and (f) is to be answered in the response.

J.     As used herein, "identify" when used in reference to any event or occurrence means to state the following:

(a)  its date;

(b)  its location;

(c)   complete summary of the nature of the event or occurrence; and

(e)  identity of persons known to have attended the event or occurrence.

K.     As used herein, "Product" means anything offered for sale, sold, or purchased for potential sale by any of the Defendants in this case, including but not limited to article of clothing such as T-shirts and sweat shirts as well as travel bags, and hats.

L.     As used herein, the terms "refers to or relates to" includes the plural form thereof.

M.     The term "mark" includes trademarks, service marks, collective marks, certification marks, and trade names as defined in 15 U.S.C. ' 1127.

N.     As used herein, the term "Plaintiff's Marks" shall mean the trademark CAMPNY.

O.     These Interrogatories shall be deemed continuing so as to require supplemental answers if Defendants obtain any further information between the time their answers hereto are served and the trial in this matter.

P.    As used herein, the term "Plaintiff's Products" shall mean any goods or products sold under Plaintiff's Marks.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify each person who had any participation in the preparation of the answers to these interrogatories and for each person identify the relevant Interrogatory answer(s) by number(s).

**Interrogatory No. 2:**

Identify each person having knowledge of Plaintiff's first date of use of Plaintiff's Mark.

**Interrogatory No. 3:**

Identify each of Plaintiff's Products sold bearing Plaintiff's Mark.

**Interrogatory No. 4:**

Identify each of Plaintiff's Products offered for sale under Plaintiff's Mark.

**Interrogatory No. 5:**

Describe the class(es) of customers who have purchased or whom Plaintiff expects to purchase Plaintiff's Products.

<u>Interrogatory No. 6</u>:

　　　Describe in detail all uses for Plaintiff's Products.


<u>Interrogatory No. 7</u>:

　　　Identify any additional Plaintiff's Products that are to be introduced within the next two (2) years.


<u>Interrogatory No. 8</u>:

　　　With respect to Plaintiff's Products identified in the answer to interrogatory number (3) three, state the value Plaintiff received from each transaction.


<u>Interrogatory No. 9</u>:

　　　Describe in detail the demographics or expected demographics of the customers and ultimate consumers of Plaintiff's Products.


<u>Interrogatory No. 10</u>:

　　　Describe in detail all channels of trade in which Plaintiff's Products travel or are expected to travel.

**Interrogatory No. 11:**

Identify in detail the date of first use in commerce for each of Plaintiff's Products listed in U.S. Application Serial No. 78/438,884.

**Interrogatory No. 12:**

Identify all distributors of Plaintiff's Products.

**Interrogatory No. 13:**

Identify all persons who have contributed in any way to the marketing, advertising or promotion of Plaintiff's Products and state their contribution to that effort.

**Interrogatory No. 14:**

Identify all persons responsible for sales of the Plaintiff's Products.

**Interrogatory No. 15:**

Identify all media in which Plaintiff's Products were or are expected to be advertised and/or promoted.

<u>Interrogatory No. 16</u>:

      For each calendar year in which Plaintiff's Products have been offered, state the amount of sales and the profits on those sales, by number of units and dollar volume for each, in the United States for each such calendar year.

<u>Interrogatory No. 17</u>:

      For each calendar year in which Plaintiff's Products have been offered under Plaintiff's Mark, state the dollar amount spent in the United States for advertising or promoting the Plaintiff's Products during each of such years.

<u>Interrogatory No. 18</u>:

      Identify all witnesses from whom Plaintiff intends to present testimony in this proceeding.

<u>Interrogatory No. 19</u>:

      Identify all geographical areas (by city and state) in which Plaintiff sells Plaintiff's Products.

<u>Interrogatory No. 20</u>:

      State all facts that supports Plaintiff's contention in paragraph 67 of Plaintiff's Amended Complaint that Defendant did not have a bona fide intention to use the CAMPY mark when it filed its U.S. Trademark Application No. 78/568,676.

**Interrogatory No. 21:**

State all facts that support Plaintiff's contention in Paragraph 68 of Plaintiff's Amended Complaint that Defendant committed fraud in its efforts to register the CAMPY mark.

Respectfully submitted,

Date: *10/22/07*

By _Matthew C. Wa_____

Matthew C. Wagner, Esquire (MW-9432)
Jeffrey A. Lindenbaum, Esquire (JL-1971)
Jenny T. Slocum, Esquire, (JS-0213)
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel.          : 914-941-5668
Fax          : 914-941-6091

Anthony S. Volpe, Esquire, PA Bar No. 24,733
John J. O'Malley, Esquire, PA Bar No. 68,222
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA  19103
Telephone: (215) 568-6400
Facsimile: (215) 568-6499

CERTIFICATE OF SERVICE

I Sandra V. Espinoza, hereby certify I caused a true copy of the foregoing Defendant's First Set of Interrogatories to Plaintiff, Burkina Wear, Inc. to be served upon the following person via first class mail, postage pre-paid on this 22nd Day of October 2007:

Frank A. Mazzeo, Esquire
Frank A. Mazzeo, P.C.
Suite 200
808 Bethlehem Pike
Colmar, PA 18915

Carmen S. Giordano, Esquire
225 Broadway, 40th Floor
New York, NY 10007

By: _____
Sandra V. Espinoza