# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BURKINA WEAR, INC.

                    Plaintiff,

          - against -                              07 CV 3610 (HP)(RWS)

                                                   **PLAINTIFF'S**
                                                   **INTERROGATORY &**
                                                   **DOCUMENT**
                                                   **RESPONSES**

CAMPAGNOLO, S.R.L.,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


     **TO DEFENDANT CAMPAGNOLO S.R.L.**

     Plaintiff, by its attorney, The Law Office of Carmen S. Giordano, without conceding

admissibility, materiality, or relevancy, hereby responds to and objects to Defendants'

Interrogatories, Document Requests and Requests for Admissions dated October 22, 2007.

     **GENERAL OBJECTIONS**

     A.     Plaintiffs object to these Document Requests, Interrogatories and Requests for

Admissions to the extent that they are vague, overly broad, unduly burdensome, and not

reasonably calculated to lead to discovery of admissible evidence.

     B.     Plaintiffs object to these Document Requests, Interrogatories and Requests for

Admissions to the extent that they seek information obtained in anticipation of litigation, or

which is protected by the attorney work product doctrine.

     C.     Plaintiffs object to these Document Requests, Interrogatories and Requests for

Admissions to the extent that they seek disclosure of information protected by the attorney-

client privilege, including any documents prepared by plaintiffs for their attorneys.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Q.1.    Any document referring, reflecting or relating to applications filed by Plaintiff for trademark or service mark registration in the United States for any variation of Plaintiff's Mark, either alone or in combination with any other words or symbols.

A. 1.   **Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: These documents pertaining to Application Serial No.78438884 are publicly available via the US Patent and Trademark Office website at http://www.uspto.gov.**

Q.2.    Any document that describes, refers to, comments on, or otherwise relates to any third party use of the Plaintiff's Mark.

A.2.    **Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not**

2

calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: Applicant is not in possession of any such documents at this time.

Q.3.   Any document relating to or referring to products sold under the Plaintiff's Mark.

A.3.   **Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: Previously provided were the following:**

**Exhibit 1:** Photograph of long sleeved shirt using Applicant's Mark

**Exhibit 2:** Photograph of sweatshirt using Applicant's Mark

**Exhibit 3:** Photograph of t-shirt using Applicant's Mark.

**Exhibit 4:** Photograph of t-shirt using Applicant's Mark.

**Exhibit 5:** Photograph of t-shirt using Applicant's Mark.

**Exhibit 6:** Photograph of t-shirt using Applicant's Mark.

**Exhibit 7:** Photograph of t-shirt using Applicant's Mark.

3

> **Exhibit 8:** Photograph of t-shirt using Applicant's Mark.
>
> **Exhibit 9:** Photograph of t-shirt using Applicant's Mark.
>
> **Exhibit 10:** Photograph of t-shirt using Applicant's Mark.

Q.4.    Any document relating or referring to products sold under the Plaintiff's Mark.

**A.4.    Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: Previously provided were the following:**

> **Exhibit 11:** Photograph of BURKINA storefront
>
> **Exhibit 12:** Screenshot of BURKINA website from
>
> www.burkinanyc.com
>
> **Exhibit 21:** Screenshot of BURKINA website from
>
> www.burkinas.com

Q.5.    Any document relating or referring to the class of customers for the products sold under the mark.

A.5.    Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: Previously provided were the following:

      **Exhibit 13:**    Photograph of Foxy Brown at BURKINA store.

      **Exhibit 14:**    Photograph of BG at BURKINA store.

      **Exhibit 15:**    *The New Yorker,* October 2, 2000

      **Exhibit 16:**    *Vibe,* January 2004 excerpt

      **Exhibit 17:**    *Vibe,* September 2003 cover

      **Exhibit 18:**    *XXL,* October 2003 excerpt

      **Exhibit 19:**    *The Source,* December 2005 excerpt

      **Exhibit 20:**    *Time Out New York,* July 1-8, 2004, Issue No. 457 excerpt

Q.6.    Any document relating or referring to the industries in which Plaintiff's Products are used.

A.6.    Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges,

5

immunities or protections from disclosure. Plaintiffs further object in so

far as such demand is vague, overly broad and not calculated to lead to

discoverable information. Subject to and without waiving these and the

foregoing General Objections, Plaintiffs respond as follows: Plaintiff is

not currently in possession of such documents.

Q.7.  Any document relating or referring to the channels of trade for Plaintiff's

products.

A.7  **Plaintiffs object to this Document Request/Interrogatory to the extent it**

**seeks information protected from disclosure by the attorney-client**

**privilege, the work product doctrine or any other applicable privileges,**

**immunities or protections from disclosure. Plaintiffs further object in so**

**far as such demand is vague, overly broad and not calculated to lead to**

**discoverable information. Subject to and without waiving these and the**

**foregoing General Objections, Plaintiffs respond as follows: Previously**

**provided were the following:**

Exhibit 13:  Photograph of Foxy Brown at BURKINA store.

Exhibit 14:  Photograph of BG at BURKINA store.

Exhibit 15:  *The New Yorker,* October 2, 2000

Exhibit 16:  *Vibe,* January 2004 excerpt

Exhibit 17:  *Vibe,* September 2003 cover

Exhibit 18:  *XXL,* October 2003 excerpt

6

**Exhibit 19:**   *The Source,* December 2005 excerpt

**Exhibit 20:**   *Time Out New York,* July 1-8, 2004, Issue No. 457

excerpt

Q.8.   Any document identifying, referring or relating to channels of trade where Plaintiff's products have been or could have been sold as having utility or usefulness.

**A.8.   Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: Applicant is not currently in possession of any such documents.**

Q.9.   Any document that refers or relates to the sale or promotion in commerce of Plaintiff's products.

**A.9.   Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to**

7

discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: Previously provided were the following:

Exhibit 11:    Photograph of BURKINA storefront

Exhibit 12:    Screenshot of BURKINA website from

www.burkinanyc.com

Exhibit 21:    Screenshot of BURKINA website from

www.burkinas.com

Exhibit 22:    July 19, 2004, Hot97 Radio Advertisement Invoice

Q.10.   Specimens of each label, tag, trade dress or package ever used in connection with the offering of Plaintiff's Products.

A.10.   **Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: Previously provided were the following:**

Exhibit 1: Photograph of long sleeved shirt using Applicant's Mark

Exhibit 2:  Photograph of sweatshirt using Applicant's Mark

**Exhibit 3:**    Photograph of t-shirt using Applicant's Mark.

**Exhibit 4:**    Photograph of t-shirt using Applicant's Mark.

**Exhibit 5:**    Photograph of t-shirt using Applicant's Mark.

**Exhibit 6:**    Photograph of t-shirt using Applicant's Mark.

**Exhibit 7:**    Photograph of t-shirt using Applicant's Mark.

**Exhibit 8:**    Photograph of t-shirt using Applicant's Mark.

**Exhibit 9:**    Photograph of t-shirt using Applicant's Mark.

**Exhibit 10:** Photograph of t-shirt using Applicant's Mark.

**Exhibit 19:** *The Source,* December 2005 excerpt

Q.11.    Any document relating to any of Plaintiffs Products that are intended to be
sold within the next year.

**A.11.    Plaintiffs object to this Document Request/Interrogatory to the extent it
seeks information protected from disclosure by the attorney-client
privilege, the work product doctrine or any other applicable privileges,
immunities or protections from disclosure. Plaintiffs further object in so
far as such demand is vague, overly broad and not calculated to lead to
discoverable information. Subject to and without waiving these and the
foregoing General Objections, Plaintiffs respond as follows: Applicant is
not currently in possession of any such documents.**

Q.12.    Any document that refers to, or relates to, or concerns the registrability of the
mark CAMPNY in the United States.

9

**A.12.** **Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information.**

Q.13.   Any document which refers to, relates to, or concerns the registrability of the mark CAMPNY in the United States.

**A.13.** **Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: Plaintiff objects to this request as requesting attorney work product and privileged information.**

Q.14.   Any document that refers to the Defendant's Mark(s)..

**A.14** **Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges,**

**immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiff responds as follows: Plaintiff is not currently in possession of any such documents.**

Q.15.   Any document that reflects the first use of Plaintiff's Mark in commerce.

**A.15.   Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these foregoing General Objections, Plaintiff responds as follows: Previously provided were the following:**

> **Exhibit 23:**   May 27, 2004, Domain name registration confirmation. Applicant's Mark was first used on clothing in April of 2004. Based on successful test marketing, Applicant registered the domain name campnyus.com.

Q.16.   Any organizational chart for Plaintiff and any subsidiaries, divisions and other affiliates or related companies of Plaintiff.

11

**A.16.** **Plaintiff objects to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiff further objects in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these foregoing General Objections, Plaintiff responds as follows:**

**Plaintiff is not currently in possession of such documents.**

Q.17.    Any document that evidences or refers to marketing of Plaintiff's Mark.

**Q.17.** **Plaintiff objects to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiff further objects in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiff responds as follows: Previously provided were the following:**

        **Exhibit 11:**    Photograph of BURKINA storefront

        **Exhibit 12:**    Screenshot of BURKINA website from

                      www.burkinanyc.com

        **Exhibit 21:**    Screenshot of BURKINA website from

www.burkinas.com

**Exhibit 22:**    July 19, 2004, Hot97 Radio Advertisement Invoice

Q.18.  Any document which refers or relates to investigations of the products or services of Defendant which are sold or provided under the Defendant's Marks.

**Q.18.  Plaintiff objects to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiff further objects in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiff responds as follows: Plaintiff is not currently in possession of any such documents.**

Q.19.  Any document which refers or relates to Plaintiff's creation, consideration, selection, adoption and first use of Plaintiff's Mark.

**Q.19.  Plaintiff objects to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiff further objects in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the**

13

foregoing General Objections, Plaintiff responds as follows: Previously

provided were the following:

> **Exhibit 23:**    May 27, 2004, Domain name registration
>
> confirmation.

Q.20.   Any documents Plaintiff now or hereafter intends to rely on in this litigation

proceeding.

**Q.20.   Plaintiff objects to this Document Request/Interrogatory to the extent it**

**seeks information protected from disclosure by the attorney-client**

**privilege, the work product doctrine or any other applicable privileges,**

**immunities or protections from disclosure. Plaintiff further objects in so**

**far as such <u>demand is vague, overly broad and not calculated to lead to</u>**

**<u>discoverable information</u>. Subject to and without waiving these and the**

**foregoing General Objections, Plaintiff responds as follows: Plaintiff is**

**not currently in possession of any such documents other than those**

**documents already produced herein.**

Q. 21   All documents that support Plaintiff's contention in Paragraph 67 of

Plaintiff's Amended Complaint that Defendant did not have a bona fide

intention to use the CAMPY mark when it filed its U.S. Trademark

Application No. 78/568,676.

**A. 21   Plaintiff objects to this Document Request/Interrogatory to the extent it**

**seeks information protected from disclosure by the attorney-client**

14

**privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiff further objects in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiff responds as follows: Defendant is in exclusive possession of these documents.**

Q. 22   All documents that support Plaintiff's contention in Paragraph 68 of Plaintiff's Amended Complaint that Defendant committed fraud in its efforts to register the CAMPY mark.

**A. 22   Plaintiff objects to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiff further objects in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiff responds as follows:** If they can't prove actual use of CAMPY for "Sport and leisure wear, namely jackets, wind resistant jackets, coats, raincoats, jerseys, shirts, plush shirts, tops, sweatshirts, sweaters, underwear, T-shirts, trousers, shorts, leg and arm warmers, cloth bibs, jeans, socks, thick socks, pants, bathing suits, track suits, sport uniforms, caps, hats and headwear, gloves, sweat

15

bands and wrist bands, belts, suspenders, ties, foulards, bandanas, headscarves, scarves, bath robes, cycling shoes" or for Bicycles; bicycle parts, components and accessories, namely, bicycle frames, tubes and connectors for bicycle frames, bicycle wheels, rims and spokes for bicycle wheels, pedals, hubs, wheel hubs, wheel hubs, namely, quick-release skewers controlled by cam levers for fast locking same, change-speed gears and front changers, cranks, simple and multiple gear wheels, cranks with gear wheels, gears, free wheels, drive chains, brakes, cable guides, knobs, controls and levers, pillars and saddles, pumps and pump bearings, pins and bearings for cranks and pedals, steering knuckles and bearings and bushings thereof, front and back forks, cables and sheathes, pedal clips, handle-bars and handle-bar connections, tires and tubular tires, all the aforecited goods for bicycles", then they committed fraud by declaring under penalty of perjury to the USPTO that they were using CAMPY as a trademark.

### **INTERROGATORIES**

Q. 1.   Identify all persons who have knowledge regarding the factual allegations set forth in the Complaint and any responsive pleading to the Complaint.

A.1.    **Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so**

**far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: Ahmed Sankara (employee of Burkina), Erik Pelton and Carmen Giordano (Nos. 1 through 28).**

Q.2.    To the extent not covered by the response to Interrogatory No.1, identify all persons who have knowledge concerning any rights, including trademark rights, Plaintiffs claim or assert with respect to the name "CAMPNY".

A.2.    **Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: See A.1.**

Q.3.    To the extent not covered by the responses to Interrogatory Nos. 1 and 2, identify all persons who were involved in discussions or communications with the Plaintiffs regarding the subject matter of the Complaint.

A.3.    **Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges,**

17

**immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: See A.1.**

Q.4.    Identify all damages alleged by Plaintiffs based on the allegations of the Complaint, including all documents from which such calculations were made.

**A.4.    Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Plaintiffs further object in so far as such demand is vague, overly broad and not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, Plaintiffs respond as follows: Plaintiff has expended and continues to expend fees for attorneys in defense of the Pennsylvania litigation as well as within and after. Such information was previously provided in Defendant's request for settlement information.**

Q.5.    Identify all persons who provided any information to Plaintiffs in answering these interrogatories.

**A.5.    Plaintiffs object to this Document Request/Interrogatory to the extent it seeks information protected from disclosure by the attorney-client**

18

privilege, the work product doctrine or any other applicable privileges,

immunities or protections from disclosure. Plaintiffs further object in so

far as such demand is vague, overly broad and not calculated to lead to

discoverable information. Notwithstanding such objection, See A.1.

Dated: New York, New York
February 25, 2008

_____

CARMEN S. GIORDANO, ESQ. [CSG-3927]

*Attorney for Plaintiffs*
225 Broadway, 40TH Floor
New York, New York 10007
(212) 406-9466

To:    Matthew C. Wagner, Esq.
       Jeffrey A. Lindenbaum, Esq.
       Jenny T. Slocum, Esq.
       The Holyoke-Manhattan Building
       80 South Highland Avenue
       Ossining, New York 10562

       Anthony S. Volpe, Esq.
       John J. O'Malley, Esq.
       Volpe and Koenig, P.C.
       United Plaza, Suite 1600
       30 S.17th Street
       Philadelphia, PA 19103

19