**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

BURKINA WEAR, INC.

          Plaintiff,

v.

CAMPAGNOLO S.R.L.

          Defendant.

07 cv 3610 (HP) (RWS)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/08

**STIPULATION AND PROTECTIVE ORDER**

It appearing that discovery in the above-entitled action is likely to involve the disclosure of confidential information, upon the agreement of the parties that a Stipulation and Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is desirable, and with the approval of the Court,

IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT:

1. "Classified Information" as used herein means any information designated as "Attorneys' Eyes Only" by the "Supplying Party," whether it is a document, information revealed during a deposition, information revealed in an interrogatory answer or other discovery. In designating information as "Attorneys' Eyes Only," the Supplying Party will make such designation only as to that information that it in good faith believes contains confidential information, which includes but is not limited to information that is proprietary, a trade secret, financial in nature, technical, vendor, supplier, product, forecast and strategic plan,

market research, competitor, product research and development, distribution decision, and commercial terms, personal or private. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be designated as "Attorneys' Eyes Only," unless it contains information subject to such protection.

2.   Use. All Classified Information produced or exchanged in the course of this proceeding shall be used solely for the purpose of this proceeding. All such Classified Information shall be disclosed by the party receiving same (the "Receiving Party") only to a "Qualified Person" as defined in paragraph 3 hereof and to the Court and to no others, unless expressly ordered by the Court or in response to a subpoena or other judicial process. In the event that any party or any other Qualified Person as described in Paragraph 3 is served with a subpoena or other judicial process demanding the production or disclosure of any Classified Information, such party or Qualified Person shall (a) provide lead counsel for all parties with a copy of such subpoena or other judicial process within five (5) business days following receipt thereof and (b) it shall be the responsibility of the Supplying Party to ensure that the treatment of the Classified Information that is the subject of the subpoena or judicial process is consistent with this agreed Stipulation and Protective Order.

3.   Qualified Person. "Qualified Person" as used herein means:

   a.   Attorneys — Outside attorneys of each of the parties to this

litigation, limited to law firms of record and partners, associates and employees of such law firms to whom the material is to be shown for the purpose of this litigation;

  b. <u>Experts</u> — Outside experts or consultants retained by an outside attorney of record for purposes of this action and who are not employed or otherwise affiliated with (1) the party receiving the Classified Information; (2) or any entity that is in any way related to or associated with the party receiving the Classified Information (including but not limited to a parent corporation, subsidiary, division, distributor, supplier, manufacturer, commonly owned corporation, joint venturer or agent); provided, however, that

    i. <u>Disclosure of Expert</u> — the name, address, current employment (if any) and curriculum vitae, including a statement of prior employment and expert testimony of any such expert or consultant shall be furnished to the attorneys for the other party in a manner so that it is received more than ten (10) calendar days before access to the Classified Information is to be given to such expert or consultant; and

    ii. <u>Objection to Expert</u> — the other party shall have fifteen (15) calendar days from the sending date of the information called for in subparagraph (i) above to raise any objection and notify the receiving party, in writing, that the producing party objects to

       showing such expert or consultant Classified Information. Such notification shall include the basis for the objection. The parties shall then confer in good faith to resolve the conflict. No Classified Information shall be furnished to a proposed expert or consultant if timely objected to without the written consent of the objecting party or an Order of the Court obtained on notice; and

    iii.    <u>Undertaking of Expert</u> — before such access is given, such expert or consultant shall execute in the form attached hereto as Exhibit A and be bound by the terms of this Stipulation and Protective Order.

    c.    <u>Prior Knowledge</u> — Any deponent or trial witness may be shown or examined on any document or information designated as Classified Information that the witness authored or, if from the face of the document, it appears that the deponent or witness received a copy of said document or information in the ordinary course of business.

    4.    <u>Disclosure By Qualified Persons</u>. Classified Information shall not be made available by Qualified Persons receiving same to persons other than: (a) Qualified Persons; (b) the Supplying Party; or (c) any person or party who is the proprietor or source of the Classified Information.

    5.    <u>Markings</u>.

a. Attorney's Eyes Only: Documents produced by a party may be designated as ATTORNEYS' EYES ONLY by marking every page with the following (or a similar notation):

ATTORNEYS' EYES ONLY

In lieu of marking the original of a document if the original is not produced, the party may mark the copies that are produced or exchanged.

6. Testimony. Testimony that includes Classified Information shall be identified as such during the course of the deposition or other proceeding in which it is given. Nevertheless, with respect to Classified Information revealed during a deposition upon oral examination under Rule 30, Fed. R. Civ. P., the party claiming confidentiality shall have fifteen (15) business days following sending of the transcript by the reporter to designate sections of a transcript "Attorneys' Eyes Only" information.

7. Consent To Disclosure. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as "Attorneys' Eyes Only" expressly consents to such disclosure, either in writing or on the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure.

8. Challenge To "Attorneys' Eyes Only" Designation. A party shall not be obligated to challenge the propriety of any "Attorneys' Eyes Only" designation at the

time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the Supplying Party of any information as "Attorneys' Eyes Only", the parties shall try first to resolve such dispute in good faith. If the dispute cannot be resolved, the party objecting to the "Attorneys' Eyes Only" designation may seek appropriate relief from the Court, but the burden of justifying the designation shall remain with the Supplying Party. This Stipulation and Protective Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information is or is not in fact Classified Information. Upon such hearing, the party asserting that the information is Classified Information shall have the burden of establishing same.

9. Filing With The Court. All Classified Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Classified Information, shall be marked "ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER" and filed under seal and kept under seal until further order of the Court. Where possible, only classified portions of filings with the Court shall be filed under seal. If a document filed with the Court contains Classified Information, it shall be filed in a sealed envelope marked with the caption of the case, the date the Protective Order was entered, a schedule of the contents of the envelope, and the following legend or such other legend as shall be required by the Court or its Clerk:

CONFIDENTIAL—UNDER PROTECTIVE ORDER—
TO BE OPENED ONLY UPON ORDER OF THE COURT

10. <u>Disclosure In Court</u>. Should the need arise during the trial or at any hearing before the Court for plaintiff or defendant to disclose Classified Information, it may do so only after giving notice to the Supplying Party, and then, only under procedures designated by the Court on notice to the Supplying Party.

11. <u>Advice To Clients</u>. Nothing in this Stipulation and Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to a client with respect to this litigation and, in the course thereof, referring to or relying in a <u>general</u> way upon examination of Classified Information produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the contents of any Classified Information produced by another party herein, which disclosure would be contrary to the terms and intent of this Order.

12. <u>Unintentional Disclosure</u>. An inadvertent or unintentional disclosure of Classified Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. Such inadvertent or unintentional disclosure shall be rectified by notifying, in writing within five (5) business days of notice of the event, counsel for all parties to whom the materials or information was disclosed that the information is "Attorneys' Eyes Only." Such notice shall include a

designation of the materials or information as "Attorneys' Eyes Only" Information under this Protective Order.

13.  Survival. This Stipulation and Protective Order shall survive the termination of this action.

14.  Return Of Classified Information. Upon final termination of this litigation, each party or other person subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents containing Classified Information, and to destroy, should such source so request, all copies of Classified Information that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Classified Information; provided, however, that counsel may retain complete copies of all pleadings, including any exhibits attached thereto, filed with the Court or deposition transcripts, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Stipulation and Protective Order.

15.  Headings. The headings hereto are for convenience only and are not part of the stipulation.

16.  Interest of Justice. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Anthony S. Volpe, Esquire
John J. O'Malley, Esquire
VOLPE AND KOENIG, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA 19103

Jeffrey A. Lindenbaum (JL 1971)
COLLEN IP
The Holyoke Manhattan Building
80 South Highland Avenue
Ossining, NY 10562
914-941-5668

*Attorneys for Defendant,.*
*Campagnolo S.r.l.*

Date: _____

Carmen S. Giordano, Esquire
225 Broadway, 40th Floor
New York, NY 10007
212-406-9466

*Attorneys for Plaintiff,*
*Burkina Wear, Inc.*

Date: _____

SO ORDERED,

_____
Robert W. Sweet, J.
United States District Judge

3-26-08

- 9 -