UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

BURKINA WEAR, INC.,

                Plaintiff,             07 Civ. 3610

    -against-                    OPINION

CAMPAGNOLO, S.R.L.,

                Defendant.

-----------------------------------X

A P P E A R A N C E S:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4 9 08

        Attorney for Plaintiff

        LAW OFFICE OF CARMEN S. GIORDANO
        225 Broadway, 40th Floor
        New York, NY  10007
        By:  Carmen S. Giordano, Esq.

        Attorneys for Defendant

        COLLEN IP
        The Holyoke-Manhattan Building
        80 South Highland Avenue
        Ossining, NY  10562
        By:  Matthew C. Wagner, Esq.
            Jeffrey A. Lindenbaum, Esq.

        VOLPE and KOENIG, P.C.
        United Plaza, Suite 1600
        30 South 17th Street
        Philadelphia, PA  19103
        By:  John J. O'Malley, Esq.

**Sweet, D.J.**

Defendant Campagnolo, S.R.L. ("Campagnolo" or the "Defendant") has moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Counts IV and V of the complaint of Burkina Wear, Inc. ("Burkina" or the "Plaintiff"). For the reasons set forth below the motion is denied.

## Prior Proceedings

On May 7, 2007, Burkina filed this action seeking declaratory relief, and on May 24, 2007 filed an amended complaint (the "Complaint") seeking declarations that Burkina's use of the "CAMPNY" trademark does not constitute trademark infringement (Count I); dilution (Count II); or unfair competition, false designation of origin, palming off or false description or representation (Count III). The Complaint also seeks a declaration that Burkina's registration and use of the "CAMPNY" trademark is not likely to cause confusion with or dilute Campagnolo's trademarks, warranting the dismissal of Campagnolo's opposition to registration of "CAMPNY" and an order to the PTO to permit Burkina to register its name "CAMPNY" (Count

1

IV). Finally, the Complaint seeks a declaration that, due to Campagnolo's lack of a bona fide intention to use the "CAMPY" mark in commerce at the time of it sought to register that name, Campagnolo committed fraud on the PTO in its efforts to register it, and, accordingly, such application to register should be declared void and cancelled (Count V).

This action is the latest iteration of the dispute between the parties over allegedly competing putative trademarks. According to the Complaint, Burkina is a privately held for-profit corporation owned and operated by one individual, Ahmed Sankara, and organized under the laws of the State of New York, with its principal place at 177 East Houston Street, New York, New York. Compl. ¶¶ 7,9. Burkina designs and manufactures urban "hip hop" theme apparel and accessories for sale primarily within New York City out of Burkina's East Houston Street store. Id. ¶ 9. Burkina markets to a young and urban demographic, knowledgeable about and interested in hip hop music. Burkina's merchandise is not designed, manufactured or marketed for athletes, sporting events or bicycling-related sports and activities. Id. ¶ 10.

According to the Complaint, Campagnolo, a for-
profit corporation organized and existing under the laws of
Italy with its principal place of business located at Via
della Chimica 4, 36100 Vicenza, Italy, manufactures,
distributes and sells bicycle equipment and related apparel
and other items worldwide to cycling enthusiasts.  Id. ¶ 8,
19, 21.

According to the Complaint, among the various
designs and slogans Burkina has utilized on its apparel and
accessories is the trade name "CAMPNY."  Id. ¶ 11.  Burkina
created the "CAMPNY" mark in January 2004 and began using
it in commerce at least as early as June 2004.  Id. ¶ 12.
Burkina coined the "CAMPNY" trademark in part because of
Burkina's store location in New York City.  Id. ¶ 13.

On or about June 21, 2004, Burkina filed for
registration of the "CAMPNY" trademark with the U.S. Patent
and Trademark Office ("PTO") for use in connection with a
variety of bags and items of clothing.  Id. ¶ 14.
Burkina's application was published in the public records
of the PTO Official Gazette on or about April 26, 2005.
Id. ¶ 15.

On February 16, 2005, Campagnolo filed an
application to register the "CAMPY" trademark with the PTO.
Id. Ex. I. Campagnolo's application to register "CAMPY"
was based in part upon Campagnolo's declaration of intent
to use the mark. Id.

On or about September 1, 2005, Campagnolo filed a
Notice of Opposition to Burkina's registration application
with the PTO's Trademark Trial and Appeal Board (the
"TTAB") alleging, in part, that Burkina's use of the
"CAMPNY" trademark creates a likelihood of confusion with
and otherwise dilutes the "CAMPY" mark. Id. ¶¶ 17, 18.

In response to Campagnolo's motion for additional
time to respond to Burkina's discovery requests, on October
12, 2006, the TTAB granted Campagnolo until November 1,
2006, to respond to Burkina's second set of interrogatories
and requests for production. Id. ¶ 24.

On October 31, 2006, Campagnolo filed a lawsuit
against Burkina in the United States District Court for the
Eastern District of Pennsylvania (the "Pennsylvania
Action"), alleging trademark infringement and associated
wrongs by Burkina's use of the "CAMPNY" mark. On November

4

1, 2006, upon Campagnolo's motion, the TTAB proceedings were suspended pending disposition of the Pennsylvania Action.

On May 1, 2007, the District Court for the Eastern District of Pennsylvania dismissed Campagnolo's action for lack of personal jurisdiction and improper venue. Following the dismissal of the Pennsylvania Action, this action was initiated by Burkina.

## The 12(b)6 Standard

The allegations in the Complaint are to be construed favorably to Burkina. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). As the Supreme Court held in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." In addition, for the purposes of this motion to dismiss, all of Burkina's allegations set forth above are accepted as true, Cooper v. Pate, 378 U.S. 546, 546 (1964), and all reasonable inferences are drawn in its favor. Mason v. American Tobacco Co., 346 F.3d 36, 39 (2d Cir.

2003). "The issue is not whether a plaintiff will
ultimately prevail but whether the claimant is entitled to
offer evidence to support the claims." Scheuer, 416 U.S.
at 236.

## The Motion to Dismiss Counts IV and V is Denied

Pursuant to Count IV, Burkina alleges that
Campagnolo used its TTAB opposition to the registration of
"CAMPNY" as part of a campaign to delay the TTAB proceeding
and avoid continued discovery therein.  Pursuant to Count
V, Burkina alleges that Campagnolo also fraudulently
instituted its own intent-to-use registration filing for
"CAMPY" to obstruct Burkina's registration of its "CAMPNY"
trademark.

Campagnolo does not assert that Counts IV and V
fail to state substantive claims within this Court's
jurisdiction.  Furthermore, Campagnolo has conceded that
this Court has jurisdiction to rule on the issues presented
in the TTAB proceeding that relate to confusion or
dilution, and that the TTAB is bound by this Court's
factual and legal determinations based on principles of

6

collateral estoppel and issue preclusion. Mem. in Supp. 5,
n.2.


Campagnolo seeks dismissal of Count IV on the

grounds that the Court lacks authority to grant the relief

requested.  Pursuant to Count IV, Burkina requests

dismissal with prejudice of Campagnolo's opposition in the

TTAB proceeding. See Compl. ¶ 63.  Campagnolo asserts that

a federal district court has no authority to terminate a

pending TTAB proceeding.


Campagnolo's argument fails because "[t]he

question whether a plaintiff has stated a claim turns not

on whether he has asked for the proper remedy but whether

he is entitled to any remedy." City of Los Angeles v.

Lyons, 461 U.S. 95, 131 (1983) (Marshall, J. dissenting)

(quotation and alterations omitted).  Defendant is entitled

to dismissal only when it is clear from the pleadings that

plaintiff "can prove no set of facts to support a claim

which would entitle it to relief." Conley v. Gibson, 355

U.S. 41, 45-46 (1957).

> The sufficiency of a pleading is tested by
> the Rule 8(a)(2) statement of the claim for
> relief and the demand for judgment is not
> considered part of the claim for that
> purpose . . . .  Thus, the selection of an

7

> improper remedy in the Rule 8(a)(3) demand
> for relief will not be fatal to a party's
> pleading if the statement of the claim
> indicates the pleader may be entitled to
> relief of some other type.

5 Charles A. Wright & Arthur R. Miller, Federal Practice &
Procedure § 1255 (3d ed. 2004). This rule is consistent
with Fed. R. Civ. P. 54(c), which directs that courts
"shall grant the relief to which the party in whose favor
it is rendered is entitled, even if the party has not
demanded such relief in his pleadings". Thus, the
availability of the specific relief requested pursuant to
any given count of the Complaint is not relevant to the
question of whether Burkina has stated a claim. See Ring
v. Spina, 148 F.2d 647, 653 (2d Cir. 1945) ("plaintiff is
entitled to . . . rely on the court to award him such
judgment as his case deserves; and at trial he will not be
bound by his prayers"); see also Bontkowski v. Smith, 305
F.3d 757, 762 (7th Cir. 2002) ("Although Rule 8(a)(3) of
the civil rules requires that a complaint contain 'a demand
for judgment for the relief the pleader seeks,' the demand
is not itself a part of the plaintiff's claim, and so
failure to specify relief to which the plaintiff was
entitled would not warrant dismissal under Rule 12(b)(6)
(dismissal for failure to state a claim)." (citations
omitted)). Thus, the fact that some relief may be

warranted is sufficient to preclude dismissal under Rule 12(b)(6).

Campagnolo also contends that certain issues relating to Burkina's submission to the PTO, such as the question of whether there was fraud during the prosecution of a registration application, are more properly considered by the TTAB than a District Court. Mem. in Supp. at 5. This contention is contradicted by the very authority on which Campagnolo relies. In Goya Foods, the Second Circuit speculated that in a district court action involving only the issue of whether a mark is entitled to registration, the doctrine of "primary jurisdiction" might justify a district court's deference to the TTAB. Goya Foods, Inc. v. Tropicana Prods., Inc., 846 F.2d 848, 853 (2d Cir. 1988). The court held, however, that "where, as in the pending case, a district court suit concerns infringement, the interest in prompt adjudication far outweighs the value of having the views of the PTO." Id. at 853-54. Ruling that dismissal of an infringement case in deference to a PTO registration determination amounts to abuse of discretion, the court explained that "[d]elaying consideration of [plaintiff's] claim pending the outcome of the TTAB proceedings undercuts the purpose of declaratory

relief by forcing [plaintiff] either to abandon use of trademarks it has used for more than a decade or to persist in piling up potential damages." Id. at 854 (quotation omitted). Here, of course, Burkina has not utilized the CAMPNY mark "for more than a decade," but nevertheless, dismissal or delay of this case in deference to the ongoing PTO proceedings would unfairly prejudice Burkina. In addition, the Goya Foods court stressed that district courts are well situated to rule on issues related to trademark registration, because they do not raise "technical questions of fact uniquely within the expertise and experience of an agency." Id. at 853.

As with Count IV, Campagnolo argues that the relief sought by Burkina pursuant to Count V, i.e. cancellation of Campagnolo's application to register the "CAMPY" mark, is unavailable. As discussed above, a defect in the specific relief requested is not a valid basis for dismissal under Rule 12(b)(6).

Campagnolo also argues that Burkina has failed to state a claim for relief in Count V because Campagnolo's pending application to register "CAMPY" is currently the subject of a trademark opposition filed by a third party.

10

Mem. in Supp. at 6.  Assuming the existence of such
opposition, its pendency does not mean that Count V should
be dismissed for failure to state a claim.  Burkina seeks a
determination that Campagnolo's application did not reflect
a genuine intent to use that mark in commerce, but rather a
ploy to undermine Burkina's registration of "CAMPNY."  As
discussed above, the Second Circuit's decision in Goya
Foods directs that prompt adjudication of an infringement
action take priority over a pending registration
determination.

Campagnolo also asserts that Count V should be
dismissed because its application to register the "CAMPY"
mark is still pending.  Although its argument is not
entirely clear, Campagnolo seems to contend that the fact
that its effort to register the mark may not be successful
somehow renders Burkina's pleading of causation and damages
insufficient.  Mem. in Opp. at 6.  However, the Complaint
alleges that the filing and pursuit of the application to
register the "CAMPY" mark constitute fraudulent acts in and
of themselves.  The preliminary nature of Campagnolo's
application does not rebut Burkina's allegations.

Finally, Campagnolo argues that Count V should be
dismissed for Burkina's failure to plead fraud with
particularity as required under Rule 9(b). Mem. in Supp.
7-9. Specifically, Campagnolo finds fault with Burkina's
allegation that Campagnolo "did not have a bona fide
intention to use the CAMPY mark." Id. 7, quoting Compl. ¶
67.

Because the allegation challenged by Campagnolo
is an allegation of intent, there is no requirement that it
be pled with particularity. See Tellabs, Inc. v. Makor
Issues & Rights, Ltd., 127 S.Ct. 2499, 2507 (2007) ("Rule
9(b) applies to 'all averments of fraud or mistake'; it
requires that 'the circumstances constituting fraud . . .
be stated with particularity' but provides that '[m]alice,
intent, knowledge, and other condition of mind of a person,
may be averred generally.'"); Fed. R. Civ. P. 9(b).

## Conclusion

Campagnolo's motion to dismiss Counts IV and V is
denied.

It is so ordered.

12

New York, N.Y.
April  8  , 2008

ROBERT W. SWEET
U.S.D.J.