IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BURKINA WEAR, INC.<br>177 E. Houston Street<br>New York, NY 10002<br><br>           Plaintiff,<br><br>     v.<br><br>CAMPAGNOLO S.R.L.<br>Via della Chimica 4,<br>36100 Vicenza, Italy<br><br>           Defendant. | :<br>:<br>:<br>:  07 cv 3610 (HP) (RWS)<br>:<br>:<br>:<br>:  **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND COUNTER CLAIMS**

Defendant and Counterclaim-Plaintiff CAMPAGNOLO S.r.l. ("CAMPAGNOLO"), by and through its undersigned counsel, hereby answers the Amended Complaint filed by Burkina Wear, Inc. ("Burkina") as follows, and asserts the following Affirmative Defenses and Counterclaims:

**JURISDICTION AND VENUE**

1.    Admitted.

2.    For purposes of this action only, Campagnolo does not challenge subject matter jurisdiction.

3.    For purposes of this action only, Campagnolo does not challenge subject matter jurisdiction.

4.    For purposes of this action only, Campagnolo does not challenge personal jurisdiction.

5.    For purposes of this action only, Campagnolo does not challenge

venue.

6.　Campagnolo admits that there is an actual case or controversy between the parties with respect to Counts 1 and 2 of the Complaint, that it has filed a Notice of Opposition against Burkina's trademark application before the U.S. Patent and Trademark Office, that it filed a complaint against Burkina in the Eastern District of Pennsylvania for trademark infringement, which was dismissed without prejudice on May 1, 2007, for lack of personal jurisdiction regarding Burkina, but denies all other allegations contained in paragraph 6 of the Complaint.

## THE PARTIES

7.　Campagnolo is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8.　Admitted.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

9.　Campagnolo is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10.　Campagnolo is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11.　Admitted.

12.　Denied.

13.　Campagnolo is without knowledge or information sufficient to form

a belief as to the truth of the allegations of this paragraph.

    14.    Admitted.

    15.    Admitted.

    16.    The first sentence of paragraph 16 is admitted. With regard to the second sentence of paragraph 16, Campagnolo admits that what Burkina purports to be a copy of a U.S. Patent and Trademark Office Notice of Publication is attached to the Complaint; that document speaks for itself.

    17.    Campagnolo denies that the Campagnolo filed Trademark Opposition No, 91166420 on September 1, 2005. Campagnolo's opposition was filed on August 26, 2005. The remaining allegations contained in the first two sentences of paragraph 17 are admitted. With regard to the third sentence of paragraph 17, Campagnolo admits that what Burkina purports to be a copy of a Notice of Opposition is attached to the Complaint; that document speaks for itself.

    18.    Campagnolo admits that Campagnolo's Notice of Opposition attached as Exhibit C to the Complaint alleges, in part, that Burkina's use of the CAMPNY trademark creates a likelihood of confusion with and otherwise dilutes Campagnolo's well established trade name "CAMPY," but denies all other allegations contained in paragraph 18 of the Complaint.

    19.    Admitted.

    20.    Campagnolo is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

    21.    Campagnolo admits that some of its products are sold to bicycle

enthusisists, and that examples of its merchandise and designs are attached as Exhibit 4 which is a document which speaks for itself.  Campagnolo denies that its market is limited bicycle enthusiasts or that Exhibit D represents its complete product line.

    22.    Denied.

    23.    Denied.

    24.    Admitted.

    25.    The first sentence of paragraph 25 is admitted. With regard to the second sentence of paragraph 25, Campagnolo admits that what Burkina purports to be a copy of a Campagnolo's complaint filed against Burkina in the United States District Court for the Eastern District of Pennsylvania is attached to the Complaint; that document speaks for itself.

    26.    Admitted.

    27.    It is admitted that U.S. Civil Action No. No. 06-4856 was dismissed without prejudice for lack of personal jurisdiction.  With regard to Exhibit F, Campagnolo admits that what Burkina purports to be a copy of a Judge Savage's May 1, 2007 Order is attached to the  Complaint; that document speaks for itself.

    28.    Denied.

    29.    Denied.

    30.    Denied.

    31.    Denied.

    32.    Campagnolo admits that "CAMPY" is a nickname for

CAMPAGNOLO.  The remaining allegations of this paragraph are denied.

33. Denied.

34. Denied.

35. Campagnolo is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as the phrase "secondary source" is not understood and the allegations of this paragraph are therefore denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

COUNT I
DECLARATORY JUDGMENT OF
<u>NON-INFRINGEMENT OF TRADEMARKS</u>

46. Paragraph 46 of Burkina's Amended Complaint is a transitional paragraph to which no response is required. To the extent a response is required, see responses 1-45 above, which are fully incorporated by reference herein.

47. Admitted.

48. Campagnolo denies that it has claimed that Burkina's application to register the CAMPNY mark constitutes trademark infringement. The remaining allegations of this paragraph are admitted.

49. Admitted.

50. Campagnolo admits Burkina is seeking a declaratory judgment, but the remaining allegations of paragraph 50 are legal conclusions to which no answer is required.

## COUNT II
## DECLARATORY JUDGMENT OF NON DILUTION OF TRADEMARKS

51. Paragraph 51 of Burkina's Amended Complaint is a transitional paragraph to which no response is required. To the extent a response is required, see responses 1-50 above, which are fully incorporated by reference herein.

52. Admitted.

53. Campagnolo admits that an actual, present and justiciable controversy has arisen between Burkina concerning Burkina's rights to manufacture and sell clothing and accessories under the CAMPNY trademark. The remaining allegations of this paragraph are denied.

54. Campagnolo admits that an actual, present and justiciable controversy has arisen between Burkina concerning Burkina's rights to manufacture and sell clothing and accessories under the CAMPNY trademark. The remaining allegations of this paragraph are denied.

55. Campagnolo admits Burkina is seeking a declaratory judgment, but the remaining allegation of paragraph 55 are legal conclusions to which no answer is required.

### COUNT III
### DECLARATORY RELIEF FOR DISMISSAL
### OF T.T.A.B PROCEEDINGS

56. Paragraph 56 of Burkina's Amended Complaint is a transitional paragraph to which no response is required. To the extent a response is required, see responses 1-55 above, which are fully incorporated by reference herein...

57. Admitted.

58. Campagnolo admits that an actual, present and justiciable controversy has arisen between Burkina concerning Burkina's rights to manufacture and sell clothing and accessories under the CAMPNY trademark. The remaining allegations of this paragraph are denied.

59. Campagnolo admits Burkina is seeking a declaratory judgment, but the remaining allegations of paragraph 59 are legal conclusions to which no answer is required.

### COUNT IV
### DECLARATORY RELIEF FOR DISMISSAL
### OF T.T.A.B PROCEEDINGS

60. Paragraph 60 of Burkina's Amended Complaint is a transitional paragraph to which no response is required. To the extent a response is required, see responses 1-59 above, which are fully incorporated by reference

herein.

61. The first sentence of paragraph 61 is admitted. With regard to the second sentence of paragraph 61, Campagnolo admits that what Burkina purports to be a copy of a Notice of Opposition in Opposition No. 91166420 is attached to the Complaint; that document speaks for itself.

62. Denied.

63. Campagnolo admits Burkina is seeking a declaratory judgment, but the remaining allegations of paragraph 63 are legal conclusions to which no answer is required.

**COUNT V
DECLARATORY RELIEF FOR CANCELLATION
OF CAMPAGNOLO'S U.S.P.T.O. APPLICATION
<u>SERIAL NUMBER 78568676 TO REGISTER CAMPY</u>**

64. Paragraph 64 of Burkina's Amended Complaint is a transitional paragraph to which no response is required. To the extent a response is required, see responses 1-63 above, which are fully incorporated by reference herein.

65. The first sentence of paragraph 65 is admitted. With regard to the second sentence of paragraph 65, Campagnolo admits that what Burkina purports to be a copy of a Campagnolo's U.S. Trademark Application No. 78568676 is attached to the Complaint; that document speaks for itself.

66. Admitted.

67. Denied.

68. Denied.

## AFFIRMATIVE DEFENSES

1.      One or more of Burkina's counts fails to state a claim upon which relief can be granted.

2.      Burkina cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

## COUNTERCLAIMS

Campagnolo hereby asserts the following counterclaims against Burkina

### NATURE OF THE ACTION

This is an action seeking damages and injunctive relief resulting from Burkina's trademark infringement, unfair competition and dilution.

### COUNTERCLAIMS

## PARTIES

1.      Counterclaim-Plaintiff, CAMPAGNOLO, S.r.l. ("Campagnolo"), is a limited liability company organized and existing under the laws of Italy having a business address at Via della Chimica 4, 36100 Vicenza, Italy.

2.      Upon information and belief, Counterclaim-Defendant Burkina Wear, Inc. ("Burkina") is a corporation having a principal place of business at 177 E. Houston Street, New York, NY 10002.

## JURISDICTION

3. Paragraphs 1-3 are incorporated by reference as if fully set forth herein.

4. Upon information and belief, Burkina conducts business using the CAMPNY names and mark in New York.

5. This Action arises out of NY CLS Gen Bus § 360-l, 15 U.S.C. § 1125 and the common law.

6. This Court has jurisdiction over this Action under 28 U.S.C. §§ 1331, 1332 and 1338 and 15 U.S.C § 1121 and supplemental jurisdiction under 28 U.S.C. § 1367(a).

7. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

8. Since at least as early as 1933, Campagnolo has manufactured, developed, and sold cycling equipment and related goods.

9. Campagnolo is the owner of various trademarks for CAMPAGNOLO that are registered with the United States Patent and Trademark Office on the Principal Register. These trademarks are referred to as the "CAMPAGNOLO Marks."

10. The Campagnolo Marks are registered for a wide range and variety of goods. Campagnolo's registrations for the CAMPAGNOLO trademarks are attached as Exhibit A.

11. Campagnolo offers a full line of apparel in connection with and

prominently featuring the CAMPAGNOLO Marks including, but not limited to those items listed in connection with U.S. Trademark Registration No. 2,622,768, as well as the apparel items shown in Campagnolo's apparel catalogs, pertinent pages of which are attached hereto as Exhibit B. Campagnolo's full line of apparel is referred to as "Campagnolo's Apparel Goods."

12.  Every trademark shown in Exhibit A is valid and subsisting on the Principal Register. Registration Nos. 983,176 and 1,941,994 are incontestable.

13.  Campagnolo has sold Apparel Goods and other goods under the trademark CAMPAGNOLO throughout the United States, as well as internationally.

14.  Through decades of worldwide use and sales, the Campagnolo Marks have become symbols of success and victory in the world of cycling and identify Campagnolo as a source of high-quality goods.

15.  Campagnolo has developed valuable goodwill and respect for the CAMPAGNOLO Marks since at least as early as 1953.

16.  Campagnolo also holds itself out as, and is widely known to the public by the trademark and trade name CAMPY; referred to herein as the "CAMPY Mark." The term CAMPY has come to be widely recognized as the shortened version and/or nickname for CAMPAGNOLO.

17.  The public has come to widely refer to CAMPAGNOLO by the designation, CAMPY. Campagnolo's CAMPY nickname as used by the public gives rise to protectable rights to Campagnolo in the CAMPY Mark. All such public use inures to Campagnolo's benefit, and serves to identify Campagnolo as

the source of the CAMPY Mark.

18. The CAMPAGNOLO and CAMPY Marks are distinctive and have no recognized significance in the cycling and/or apparel industry, other than as designations of CAMPAGNOLO and as an identifier of the goods manufactured, developed and sold by Campagnolo, including Campagnolo's Apparel Goods.

19. The CAMPAGNOLO and CAMPY Marks have acquired secondary meaning.

20. Campagnolo's CAMPAGNOLO and CAMPY Marks are famous and distinctive.

21. The fame of the CAMPAGNOLO and CAMPY Marks is reflected in the distinctive and unique nature of the marks, the long use of the marks, the worldwide sales of Campagnolo's goods bearing the CAMPAGNOLO Marks, the worldwide advertising and promotion of CAMPAGNOLO and CAMPY Marks, the widespread consumer and trade recognition of the CAMPAGNOLO" and CAMPY Marks, and the lack of any legitimate third-party uses of the CAMPAGNOLO or CAMPY Marks.

22. Upon information and belief, Burkina has used, and is currently using in interstate commerce, the trademark CAMPNY in connection with apparel.

23. Burkina began using the trademark CAMPNY after Campagnolo's CAMPAGNOLO and CAMPY trademarks became famous.

24. Burkina's trademark CAMPNY is virtually identical to or substantially similar to Campagnolo's CAMPY Mark.

25. Burkina's apparel sold under the CAMPNY Mark are identical or related to Campagnolo's goods sold under its CAMPAGNOLO and CAMPY Marks.

## COUNT I
## TRADEMARK DILUTION UNDER NY CLS GEN BUS § 360-L

26. Paragraphs 1-25 are incorporated by reference as if fully set forth herein.

27. Burkina's use of the CAMPNY Mark will likely dilute the fame, potency, distinctiveness, value and good-will of Campagnolo's famous CAMPAGNOLO and CAMPY Marks and lessen the capacity of Campagnolo's CAMPAGNOLO and CAMPY Marks to identify and distinguish Campagnolo's goods.

28. The products sold under the CAMPNY mark are of inferior quality and will tarnish the reputation of Campagnolo's products.

29. Burkina's use of the CAMPNY Mark will cause irreparable harm to Campagnolo.

## COUNT II
## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125

30. Paragraphs 1-29 are incorporated by reference as if fully set forth herein.

31. Campagnolo's CAMPAGNOLO and CAMPY Marks are famous as defined by 15 U.S.C. 1125(c).

32. Burkina's use of the CAMPNY Mark has diluted, and will continue

to dilute, the fame, potency, distinctiveness, value and good-will of Campagnolo's famous CAMPAGNOLO and CAMPY Marks and lessen the capacity of Campagnolo's CAMPAGNOLO and CAMPY Marks to identify and distinguish Campagnolo's goods.

33. Burkina's use of the CAMPNY Mark is likely to dilute, the fame, potency, value and good-will of Campagnolo's famous CAMPAGNOLO and CAMPY Marks and lessen the capacity of Campagnolo's CAMPAGNOLO and CAMPY Marks to identify and distinguish Campagnolo's goods.

34. Upon information and belief, Burkina willfully intended to trade on Campagnolo's reputation and/or to dilute the fame of Campagnolo's CAMPAGNOLO and CAMPY Marks.

## COUNT III
## FEDERAL UNFAIR COMPETITION - 15 U.S.C. § 1125(a)

35. The allegations of paragraphs 1 through 34 are incorporated herein by reference as though fully set forth herein.

36. This cause of action arises under the trademark laws of the United States, 15 U.S.C. 1125(a).

37. A consumer familiar with Campagnolo's Goods and Campagnolo's CAMPAGNOLO and CAMPY Marks, upon seeing Burkina's Mark used in connection with Burkina's Goods, would be confused that Burkina's Goods are associated with, sponsored by, or licensed from Campagnolo, which they are not.

38. Burkina's actions constitute unfair competition, false designation of origin, palming off, and false description or representation in violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Campagnolo has no control over the quality of goods which are provided, promoted, advertised and sold by Burkina, with the result that Campagnolo's valuable goodwill with respect to its trademark may be irreparably injured by the acts of Burkina complained of herein.

40. Burkina's actions have caused and will continue to cause Campagnolo irreparable harm unless enjoined.

41. Burkina has profited from its unlawful actions and has been unjustly enriched to the detriment of Campagnolo. Burkina's unlawful actions have caused Campagnolo monetary damage in an amount presently unknown, but in an amount to be determined at trial.

### COUNT IV
### COMMON LAW TRADEMARK INFRINGEMENT

42. The allegations of paragraphs 1 through 41 are incorporated herein by reference as though fully set forth herein.

43. This cause of action arises under the common law.

44. Burkina's aforementioned conduct constitutes common law trademark infringement.

### COUNT V
### COMMON LAW UNFAIR COMPETITION

45. The allegations of paragraphs 1 through 44 are incorporated herein by reference as though fully set forth herein.

46. This cause of action arises under the common law.

47.     Burkina's aforementioned conduct constitutes unfair competition.

48.     By means and as a result of said unfair competition, Campagnolo has suffered and continues to suffer serious and substantial injury, including irreparable injury for which it has no adequate remedy at law.

**WHEREFORE**, Campagnolo respectfully requests the following relief:

1.      Entry of judgment denying Burkina the declaratory relief of dismissing Opposition No. 91166429 pending at the United States Patent and Trademark Office Trademark Trial and Appeal Board.

2.      Entry of judgment denying Burkina the declaratory relief seeking the cancellation of Campagnolo's pending U.S. Trademark application Serial No. 78/568,676.

3.      That Burkina, its officers and agents, be permanently enjoined from all use of CAMPNY and any other name or mark which contains or comprises CAMPNY as a mark or name or component of a mark or name.

4.      That Burkina deliver up to the Court for destruction all print and all other promotional materials, which refer to CAMPNY as a name or mark or component of a name or mark.

5.      That Burkina be directed to cancel all domain names, trademark applications, corporate name, and fictitious name registrations for any name of which "CAMPNY" or any variation thereof is an element.

6.      That Burkina be directed to account for and pay over to Campagnolo all

profits derived by it under either or any of the CAMPNY marks and names.

7. That Burkina be required to pay over to Campagnolo. all profits realized by them from their unlawful acts complained of herein.

8. That Burkina. be ordered to pay the cost of future corrective advertising reasonably required to correct any confusion caused by Burkina infringement.

9. That Burkina be directed to pay over to Campagnolo all damages suffered by Campagnolo as a result of Burkina's acts herein complained.

8. That the award of Campagnolo's damages and Burkina profits be trebled as a result of Burkina willful and deliberate infringement of trademark rights.

9. That Campagnolo be awarded punitive damages for the willful and deliberate acts of unfair competition and other unlawful injurious acts of Burkina complained of herein.

10. That Campagnolo be awarded its reasonable attorneys' fees and the cost of this action in view of Burkina willful and deliberate violation of Campagnolo's rights.

11. That Campagnolo have such other and further relief as this Court may deem warranted.

## JURY TRIAL DEMAND

Campagnolo hereby demands trial by jury of all issues properly tried to a jury.

Respectfully Submitted,

- 18 -

      By: \_/s/ Jeffrey A. Lindenbaum\_\_\_\_\_
       Jess M. Collen (JC 2875)
       Matthew C. Wagner (MW 9432)
       Jeffrey A. Lindenbaum (JL 1971)
       Collen IP
       The Holyoke Manhattan Building
       80 South Highland Avenue
       Ossining, New York 10562
       Tel: (914) 941-5668
       Fax: (914) 941-6091
       jlindenbaum@collenip.com


       John J. O'Malley, Esq.
       Volpe and Koenig, P.C
       United Plaza, Suite 1600
       30 South 17th Street
       Philadelphia, PA  19103
       Tel: (215) 568-6400
       Fax: (215) 568-6499
       jomalley@volpe-koenig.com

Dated:  April 30, 2008

## CERTIFICATE OF FILING AND SERVICE

      I hereby certify that on April 30, 2008 I electronically filed the foregoing Answer and Counterclaims with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Carmen S. Giordano, Esquire
Law Office of Carmen S. Giordano
225 Broadway, 40th Floor
New York, NY 10007
Tele:  212-406-9466
Fax:  212-406-9410
E-Mail:  carmen@csgiordano.com

                                                                               _/s Jeffrey A. Lindenbaum_____