UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

BURKINA WEAR, INC.,

               Plaintiff,               07 Civ. 3610

   -against-                           OPINION

CAMPAGNOLO, S.R.L.,

               Defendant.

------------------------------------X

A P P E A R A N C E S:

       Attorneys for Plaintiff

       CARMEN S. GIORDANO, ESQ.
       225 Broadway, 40th Floor
       New York, NY  10007


       Attorneys for Defendant

       VOLPE AND KOENIG, P.C.
       United Plaza, Suite 1600
       30 S. 17th Street
       Philadelphia, PA  19103
       By:  Anthony S. Volpe, Esq.
            John J. O'Malley, Esq.

       and

       COLLEN IP
       The Holyoke Manhattan Building
       80 South Highland Avenue
       Ossining, NY  10562
       By:  Matthew C. Wagner, Esq.
            Jeffrey A. Lindenbaum, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/09

**Sweet, D.J.**

Plaintiff Burkina Wear, Inc. ("Burkina" or the "Plaintiff") has moved for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in its trademark infringement action against Campagnolo, S.R.L. ("Campagnolo" or the "Defendant"). Campagnolo has cross-moved under Rule 56 for partial summary judgment. The motion of Campagnolo for partial summary judgment is denied as moot given the agreement reached between the parties in settlement before the Court. The motion of Burkina is denied as moot in part and granted as to costs and expenses, the amount of which is to be determined at a hearing to be held at the convenience of the parties.

The parties have overlitigated this dispute over the use of the trademark "CAMPNY" before two courts and the United States Patent and Trademark Office ("USPTO") to their mutual detriment and expense. It is in the public interest that the pragmatic solution which follows be adopted by the parties without further burden to each other and the justice system.

**The Parties**

Burkina is a corporation organized and existing under the laws of the State of New York with its principal and only place of business located in a small storefront at 177 East Houston Street, New York, New York. Burkina designs and manufacturers urban "Hip Hop" style apparel and accessories for sale primarily within New York City. Its products appeal primarily to young and urban consumers who are knowledgeable about and interested in "Hip Hop" music and its associated culture.

Campagnolo is an Italian manufacturer of bicycle components with headquarters in Vicenza, Italy. It is one of the most prestigious names in cycling and the designer of parts for bicycles which have been ridden to more race victories than any other brand.

**The Marks**

Among the various Burkina designs and slogans on its apparel and accessories is the trade name "CAMPNY" which was created on or about January 2004, and used in commerce at least as early as June 2004. The CAMPNY

trademark was coined by Burkina in large part because of the significance of "NY" in relation to Burkina's New York City-themed products and its store location.

On or about June 21, 2004, Burkina filed for registration of the trademark "CAMPNY" with the USPTO for use in connection with:

> Backpacks, bookbags, shoulder bags, handbags and purses, tote bags, travel bags and waist packs; clothing, namely, t-shirts, men's and women's jeans, men's and women's shirts, hats, caps, baseball caps, neck ties, socks, men's and women's shorts, men's and women's sport jackets and coats, wind resistant jackets, rain coats, golf shirts, gym shorts, headbands, jerseys, jumpsuits, slacks, pants, parkas, sweatshirts, ski masks, athletic suits, sweatsuits, warm-up suits, sweaters, tennis wear, vests, turtleneck shirts and sweaters, polo shirts.

Plaintiff's Mot. for Summary Judgment Exh. L.

On February 16, 2005, Campagnolo filed its own trademark application for "CAMPY" ("CAMPY Application") with the USPTO for:

> Sport and leisure wear, namely jackets, wind resistant jackets, coats, raincoats, jerseys, shirts, plush shirts, tops, sweatshirts, sweaters, underwear, T-shirts, trousers, shorts, leg and arm warmers, cloth bibs, jeans, socks,

3

> thick socks, pants, bathing suits, track suits, sport uniforms, caps, hats and headwear, gloves, sweat bands and wrist bands, belts, suspenders, ties, foulards, bandanas, headscarves, scarves, bath robes, cycling shoes.

Nov. 3, 2008 Declaration of Catherine A. Tinker Exh. 13. The CAMPY Application was filed on a dual basis of intention to use under Section 1(b) and on Campagnolo's corresponding Italian registration under Section 44(e) of the Lanham Act. See 15 U.S.C. §§ 1051(b), 1126(e). The CAMPY application was registered by the USPTO on February 5, 2008 as Registration No. 3,378,501. Prior to registration, Campagnolo deleted its Section 1(b) intent to use basis, and the application was registered based on the corresponding Italian registration.

On August 24, 2005, Campagnolo filed a Notice of Opposition (No. 91166420) against Burkina's CAMPNY Application with the USPTO's Trademark Trial and Appeal Board ("TTAB").

4

**Prior Proceedings**

On October 31, 2006, Campagnolo bought a suit for trademark infringement, unfair competition, and trademark dilution against Burkina in the Eastern District of Pennsylvania (the "Pennsylvania Action"). See Campagnolo S.R.L. v. Burkina Wear, Inc., Civil Action No. 06-4856. Upon Campagnolo's motion, the opposition before the TTAB was suspended pursuant to 37 C.F.R. § 2.117(a) pending the disposition of the Pennsylvania Action.

On May 1, 2007, the Pennsylvania Action was dismissed on the basis of lack of personal jurisdiction over Burkina.

On May 7, 2007, Burkina filed the instant declaratory judgment action. Discovery was completed on October 15, 2008.

The instant motions were heard and marked fully submitted on December 10, 2008.

The parties met with the Court in a settlement conference on April 7, 2009, and reached an agreement on

the modification of the marks at issue to eliminate any confusion over their use.  Burkina sought legal costs, fees, and expenses, and the parties were unable to reach an agreement to resolve the $3,000 difference between their positions.

**The Settlement on the Use of the Marks is Enforced**

The settlement with respect to the use of the marks was reached in the presence of the Court in accordance with the parties' prior submissions to each other.  The agreement will be submitted to the Court to be so ordered.

In light of the parties' settlement, the Campagnolo motion for partial summary judgment is denied as moot.

**The Application by Burkina for Any Fees, Costs or Expenses Will Be Submitted with Any Opposition**

The parties will select a date for the hearing of any application for fees, costs, and expenses as well as a schedule for the submission of any material in connection

6

with the hearing. To that extent, the Burkina's motion for summary judgment is granted.

It is so ordered.

New York, N.Y.
June 19, 2009

ROBERT W. SWEET
U.S.D.J.