```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

BURKINA WEAR, INC.,

                Plaintiff,                    07 Civ. 3610

     -against-                                   OPINION

CAMPAGNOLO, S.R.L.,

                Defendant.

------------------------------------X

A P P E A R A N C E S:

          Attorney for Plaintiff

          CARMEN S. GIORDANO, ESQ.
          225 Broadway, 40th Floor
          New York, NY   10007


          Attorneys for Defendant

          VOLPE AND KOENIG, P.C.
          United Plaza, Suite 1600
          30 S. 17th Street
          Philadelphia, PA 19103
          By:  Anthony S. Volpe, Esq.
               John J. O'Malley, Esq.

          COLLEN IP
          The Holyoke Manhattan Building
          80 South Highland Avenue
          Ossining, NY 10562
          By:  Matthew C. Wagner, Esq.
               Jeffrey A. Lindenbaum, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/7/11

**Sweet, D.J.**

Defendant Campagnolo S.r.l. ("Campagnolo" or "Defendant") has moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment dismissing the fifth cause of action in the Amended Complaint ("AC") of the plaintiff Burkina Wear, Inc. ("Burkina" or "Plaintiff"), seeking the cancellation of Campagnolo's trademark application for CAMPY. Upon the facts and conclusions set forth below, the motion is granted.

This is the latest iteration of the litigation that has involved these parties for no demonstrated commercial purpose.

**Prior Proceedings**

Burkina is a small business in Manhattan that sells hip-hop clothing using the trademark CAMPNY. Campagnolo is an Italian company that sells clothing related to cycling using the trademark CAMPY.

On June 21, 2004, Burkina filed a use based trademark application for CAMPNY ("CAMPNY Application").

1

On February 16, 2005, Campagnolo filed its U.S. trademark application for CAMPY ("CAMPY Application") for the following goods and services:

> [S]port and leisure wear, namely jackets, wind resistant jackets, coats, raincoats, jerseys, shirts, plush shirts, tops, sweatshirts, sweaters, underwear, T-shirts, trousers, shorts, leg and arm warmers, cloth bibs, jeans, socks, thick socks, pants, bathing suits, track suits, sport uniforms, caps, hats and underwear, gloves, sweat bands and wrist bands, belts, suspenders, ties, foulards, bandanas, headscarves, scarves, bath robes, cycling shoes.

The CAMPY Application was filed on a dual basis of intention to use under Section 1(b) and on Campagnolo's corresponding Italian registration under Section 44(e) of the Lanham Act.

On April 26, 2005, Burkina's application was published for opposition with coverage for the following goods and services:

> International Class 018, "backpacks, bookbags, shoulder bags, handbags and purses, tote bags, travel bags and waist packs," claiming a date of first use in commerce of June 21, 2004; and, International Class 025, "clothing, namely, t-shirts, men's and women's jeans, men's and women's shirts, hats, caps, baseball caps, neck ties, socks, men's and women's shorts, men's and women's sport jackets and coats, wind resistant jackets, rain coats, golf shirts, gym shorts, headbands, jerseys, jumpsuits, slacks, pants, parkas, sweatshirts, ski masks, athletic suits, sweatsuits, warm-up suits, sweaters, tennis wear, vests, turtleneck shirts and sweaters, polo shirts.

Burkina's application claimed that it has used the CAMPNY mark on all of the above-identified goods as of June 21, 2004.

On October 24, 2005, Campagnolo filed a notice of opposition (No. 91166420) against Burkina's CAMPNY Application with the USPTO's Trademark Trial and Appeal Board ("TTAB").

On October 31, 2006, Campagnolo brought a suit for trademark infringement, unfair competition and trademark dilution arising from Burkina's use of the CAMPNY mark in the Eastern District of Pennsylvania. Campagnolo S.R.L. v. Burkina Wear, Inc., Civil Action No. 06-4856 (E.D. Pa.).

On December 22, 2006, upon Campagnolo's motion, the opposition at the TTAB was suspended pursuant to 37 C.F.R. § 2.117(a), pending the disposition of the Eastern District of Pennsylvania action.[1] The TTAB opposition remains suspended.

---

[1] Trademark Rule of Practice Section 2.117(a), 37 C.F.R. § 2.117(a), provides: "Whenever it shall come to the attention of the Trademark Trial and Appeal Board that parties to a pending case are engaged in a civil action which may be dispositive of the case, proceedings before the Board may be suspended until determination of the civil action.

On May 1, 2007, the Eastern District of Pennsylvania action was dismissed without prejudice for lack of personal jurisdiction over Burkina.

On May 7, 2007, Burkina filed this declaratory judgment action.

On May 24, 2007, Burkina filed an Amended Complaint seeking a declaratory judgment on the following grounds:

- Count I: Declaratory Judgment of Non-Infringement of Trademarks;
- Count II: Declaratory Judgment of Non-Dilution of Trademarks;
- Count III: Declaratory Judgment of No State and Federal Unfair Competition;
- Count IV: Declaratory Relief for Dismissal of TTAB Proceedings; and
- Count V: Declaratory Relief for Cancellation of Campagnolo's USPTO Application Serial Number 78568676 to Register CAMPY.

On February 5, 2008, the CAMPY Application was registered by the USPTO as Registration No. 3,378,501. Prior to registration, Campagnolo deleted its intent to use basis and the CAMPY mark was registered based on Campagnolo's corresponding Italian registration.

On April 30, 2008, Campagnolo filed its answer to the AC and a compulsory counterclaim.

Motion practice and discovery proceeded, settlement conferences were held, and an agreement was reached but not implemented.

The instant motion was marked fully submitted on September 29, 2010.

**The Facts**

The material facts are contained in Defendant's unopposed Local Rule 56.1 Statement of Material Facts, and are not in dispute except as noted below.

The CAMPY Application was filed on a dual basis of intention to use under Section 1(b) and on Campagnolo's corresponding Italian registration under Section 44(e) of the Lanham Act, and was registered by the USPTO on February 5, 2008 as Registration No. 3,378,501. Prior to registration, Campagnolo deleted its intent to use basis under Section 1(b).

The application was registered based on the corresponding Italian registration.  The CAMPY Application was not relied upon by Campagnolo as a basis to oppose the CAMPNY Application.

Upon Campagnolo's motion the opposition at the TTAB was suspended pursuant to 37 C.F.R. § 2.117(a), pending the disposition of the Eastern District of Pennsylvania action.  The TTAB opposition remains suspended and there has been no finding of misconduct by the TTAB against either party.

On May 1, 2007, the Eastern District of Pennsylvania action was dismissed on the basis of lack of personal jurisdiction over Burkina.

Burkina has produced no documents or evidence to support any claim that it suffered lost business, production setbacks, or monetary harm as a result of Campagnolo's conduct.

Since it was first used as early as 1950, the CAMPY mark has come to be widely recognized in the United States as the shorthand version and/or nickname for Campagnolo and its products.  The CAMPY mark has been used in conjunction with a fan club newsletter, on Campagnolo's web site, and on jerseys,

t-shirts, polo shirts, and instruction sheets.  The term CAMPY was first used in interstate commerce in the United States as a source indicator for t-shirts in 1989, for jerseys in 2002, and for polo shirts in September 2007, and it was first used on Campagnolo's web site in 2002.

Campagnolo licensed the CAMPY mark in the United States in conjunction with clothing in 2002.  Campagnolo was not aware of the CAMPNY Application when it filed its application for CAMPY and had a bona fide intent to use CAMPY in commerce when it filed the CAMPY Application.

Burkina did not plead damages or special damages in its Amended Complaint and has made no claim of likelihood of confusion.

**The Applicable Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In considering a

7

summary judgment motion, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inference in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995) (internal citations and quotation marks omitted); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**The Motion for Partial Summary Judgment Is Granted**

To prevail on its claim to cancel the CAMPY registration, Burkina "must show that (1) it has standing to bring a cancellation claim, and (2) there are valid grounds for why the registration should not continue to be registered." Omicron Capital, LLC v. Omicron Capital, LLC, 433 F. Supp. 2d 382, 394 (S.D.N.Y. 2006) (quoting Citigroup Inc. v. City Holding Co., No. 99 Civ. 10115, 2003 WL 282202, at *14 (S.D.N.Y. Feb. 10, 2003)).

A court must assess whether an application had a bona fide intent to use a mark in commerce on a fair, objective determination of all the circumstances. Advertising to Women,

Inc. v. Gianni Versace S.p.A., No. 98 C 1553, 2000 WL 1230461, at *4 (N.D. Ill. Aug. 24, 2000) (citing Lane Ltd. v. Jackson Int'l Trading Co., 33 U.S.P.Q. 2d 1351, 1355 (T.T.A.B. 1994)).

Federal registration of a trademark is prima facie evidence of a mark's validity. Lucent Info. Mgmt., Inc. v. Lucent Techs., Inc., 186 F.3d 311, 315 (3d Cir. 1999). Since Burkina attacks the validity of Campagnolo's registered CAMPY mark, it bears the burden of proving facts that compel the cancellation of the federal registration. Erva Pharms., Inc. v. American Cyanamid Co., 755 F. Supp. 36, 40 (D.P.R. 1991).

Fraud in procuring a trademark registration occurs when an application for registration knowingly makes false, material representations of fact in connection with an application to register. See Torres v. Cantine Torresella S.r.l., 808 F.2d 46, 48 (Fed. Cir. 1986). "[A] party seeking cancellation for fraudulent procurement must prove the alleged fraud by clear and convincing evidence." Metro Traffic Control, Inc. v. Shadow Network Inc., 104 F.3d 336, 340 (Fed. Cir. 1997) (citing Smith Int'l, Inc. v. Olin Corp., 209 U.S.P.Q. 1033, 1044 (T.T.A.B. 1981)).

Section 1(b) of the Trademark Act requires that a person filing an intent to use application must be one "who has a bona fide intention, under circumstances showing the good faith of such person, to use a trademark in commerce." The requirement of a bona fide intention is meant to eliminate "token use" and to require, based on an objective view of the circumstances, a good faith intention to use the mark in a real and legitimate commercial sense. Lane Ltd., 33 U.S.P.Q. 2d at 1355 (citing legislative history).

Objective evidence that casts doubt on an applicant's good faith may include the applicant's failure to provide documentary support for its claimed intent, filing of numerous applications to register the same mark for more new products than are contemplated or to register different marks for a single product, and other filing variations indicating a lack of a bona fide intention to actually use the mark. Id.

Campagnolo has a Legitimate Interest in CAMPY

The following facts and documents demonstrate that Campagnolo had a bona fide intention to use the CAMPY mark in commerce and support its claim of good faith intent with respect

to the CAMPNY mark: (1) it licensed the mark for use on clothing 2002; (2) it used the mark in commerce on clothing as early as 1989; and (3) CAMPY is the recognized nickname for Campagnolo. See Lane Ltd., 33 U.S.P.Q. 2d at 1356.

Burkina's discovery responses fail to support its fraud claim. The only possible support offered by Burkina is its conclusory assertion that Campagnolo filed the CAMPY Application to defeat Burkina's efforts to register the CAMPNY mark. However, even if Campagnolo had been aware of the CAMPNY Application, its subsequent attempt to register CAMPY could not be used to defeat or harm Burkina's pending CAMPNY Application. Accordingly, Burkina has submitted no evidence to prove wrongful intent by Campagnolo or lack of a bona fide intent to use the CAMPY mark.

Although the AC does not contain a count or prayer for compensatory relief, Burkina's counsel has allegedly made claims to such damages in conversations with counsel for Campagnolo. Campagnolo contends that Burkina waived any claim to compensatory damages by failing to plead such damages in the AC.

There is no evidence of record to establish that Burkina has been damaged economically by the causes of action alleged in Burkina's complaint. Burkina has produced no documents or evidence to support any claim that it has been monetarily harmed, has suffered lost business or setbacks in production, or has less time to run its business. Accordingly, there is no genuine issue of material fact on damages.

In federal practice, the general rule — sometimes referred to as the "American Rule" — is that each party bears its own attorneys' fees, see McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1313 (2d Cir. 1993), unless fee shifting is permitted by contract or statute. There is no contract here. Moreover, even if it had produced evidence to support its claim, Burkina would not be entitled to compensatory damages for its attorneys' fees under Section 35 of the Lanham Act. 15 U.S.C. § 1117. The Lanham Act entitles a plaintiff that successfully proves a violation of any right of the registrant of a registered mark to compensatory damages. Since Burkina voluntarily became a declaratory judgment plaintiff and is not a registrant, it cannot claim damages under the Lanham Act.

Even if Burkina, as a declaratory judgment plaintiff, could claim a damages award under the Lanham Act, litigation costs from another case cannot be considered damages under the Lanham Act. See Altadis U.S.A. v. De Tabacos, No. 96 Civ. 4209, 2001 U.S. Dist. LEXIS 6892, at *13 (S.D.N.Y. May 17, 2001).

In Altadis, the prevailing trademark owner sought actual damages for infringement based on the attorneys' fees and costs incurred in other cases litigated against distributors who sold the infringing products. The Court held that:

> [n]either the language nor the structure of the Lanham Act supports such an award. First, 15 U.S.C. § 1117(a) distinguishes between damages and attorneys' fees. A court is required to award damages, along with profits and the costs of litigation, "subject to the principles of equity." Id. By contrast, a court is permitted, not required, to award attorneys' fees, and then only in "exceptional cases." Id. It would be surprising if Congress, having dealt specifically with attorneys' fees, nevertheless intended fees in other litigations to be subsumed within "damages."
>
> Second, the construction advocated by the plaintiffs would allow them to recover attorneys' fees for trademark infringement without meeting the "exceptional case" standard. They would avoid that requirement by seeking fees not in the initial litigation where they were actually incurred, but only in a later case, by recasting them as "damages."
>
> Third, the plaintiffs' interpretation would create the anomaly that by declining to join the primary offender in the initial litigation they would potentially become entitled to an enhanced award of fees. Had the plaintiffs joined [the defendants] as defendants in the earlier cases, these defendants might have been

13

liable only for "reasonable attorney fees." However, if those same fees are now considered damages in the instant case, "the court may enter judgment . . . for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. § 1117(a). It is unlikely Congress intended such a result. No award should be made, then, for fees incurred in prior litigation.

Id. at *12-14. There is no statutory basis on which Burkina would be entitled to claim attorneys' fees as compensatory damages, even if it had produced evidence on the issue.

Burkina cannot support its claim to compensatory damages under either the law or the facts in the case, and Campagnolo's motion for partial summary judgment is granted.

**Conclusion**

Based upon the facts and conclusions set forth above, Campagnolo's motion for partial summary judgment is granted and the fifth cause of action in Burkina's AC, to cancel the CAMPY registration or obtain damages against Campagnolo, is dimissed.

It is so ordered.

New York, NY
January 5, 2011

_____
ROBERT W. SWEET
U.S.D.J.